＊ [No. 2008.]
## MANN v. THE PEOPLE.

1. COUNTY COURTS—JURISDICTION—MANDAMUS.

The county court is a court of record and has jurisdiction to issue the writ of mandamus.

2. JUSTICE OF THE PEACE—TERMS OF COURT—ADJOURNMENT.

A justice's court is open for business every day except Sundays and holidays, and its adjournment *sine die* or otherwise on one day does not incapacitate it from issuing writs or conducting trials on the next day or any day thereafter.

3. JUSTICE OF THE PEACE—JUDGMENTS—COMMITMENT.

The judgment of a justice of the peace convicting a party and sentencing him to confinement in the county jail does not become void because he failed to issue a writ of commitment on the day of its rendition. The judgment can only be satisfied by the imprisonment of the party for the term for which he is sentenced.

4. SAME—MANDAMUS.

Where a justice of the peace tried and convicted a defendant and sentenced him to imprisonment in the county jail, his duty to issue a writ of commitment was mandatory, and upon his refusal to issue such writ when demanded, mandamus would issue to compel him to issue the writ. And it was immaterial that time had elapsed since the sentence and before the writ was demanded, exceeding the length of the term of sentence.

*Appeal from the County Court of Mesa County.*

Mr. B. C. HILLIARD and Mr. HENRY W. ROSS, for appellant.

Mr. D. M. CAMPBELL, Mr. CALVIN E. REED and Mr. DAN B. CAREY, for appellee.

THOMSON, J.

This is a proceeding by mandamus to compel the appellant, who was a justice of the peace, to issue the proper writ for the enforcement of a judgment of conviction rendered by him against one Mose Graham, upon a complaint charging the latter with failure to provide support and maintenance for his wife and minor children. The people had judgment, and the respondent appealed.

The abstract of the record furnished by the appellant does not contain the alternative writ. The return is set forth in full, and consists of a denial of the jurisdiction of the court issuing the writ, a denial of the sufficiency of the writ, and the following statements of fact: On the 27th day of September, 1898, Graham was convicted by the respondent, as justice of the peace, of the offense of failing to furnish support and maintenance for his wife and minor children, and sentenced to imprisonment in the county jail for sixty days; immediately upon the rendition of the judgment, Graham gave notice that he would appeal to the county court, and the respondent thereupon adjourned his court without day; Graham never perfected his appeal; before the adjournment of the respondent's court, the people did not demand a warrant of commitment against Graham, and such warrant was not demanded until the 6th day of January, 1899; the respondent being doubtful of his authority to issue the writ, caused the question to be argued before him by the district attorney and the attorney for Graham, and, after due consideration, arrived at the conclusion that upon the adjournment of his court, he lost jurisdiction to proceed further in the case, and especially, that he was without jurisdiction when the demand was made, because the sixty days of imprisonment, to which Graham was sentenced, had expired; thereupon he refused the writ.

The alternative writ not being before us, we cannot pass upon the question of its sufficiency. What was wanting to confer jurisdiction on the county court, by which the writ of

mandamus was issued, we are not advised. The county court is a court of record, and jurisdiction to issue the writ resides in any court of record. Mills' Ann. Code, sec. 307. Neither has it been made clear to us how the respondent lost his right to enforce the sentence he imposed, by adjourning his court. A justice's court is open for business every day, except Sundays and holidays; and its adjournment, *sine die* or otherwise, on one day, does not incapacitate it from issuing writs, or conducting trials, on the next day, or on any day thereafter. The judgment of conviction did not become void because the respondent failed to issue a writ of commitment on the day of its rendition, and it can be satisfied only by the imprisonment of Graham for sixty days. When the mittimus was demanded, the judgment had not been satisfied, and it was the duty of the respondent to comply with the demand. *People v. Rawson*, 61 Barb. 619; *In re Shaw* 31 Minn. 44; *Gano v. Hall*, 42 N. Y. 67.

It is immaterial that more than sixty days had elapsed since the conviction. Graham was not in prison during that time, and the judgment could be satisfied only by his actual imprisonment for the adjudged period.

The duty to issue the writ was mandatory. The respondent's judicial functions were exhausted when the judgment was entered, and thenceforward he was without discretion. The fact that he called for a hearing upon the question of his duty, and that, after listening to arguments *pro* and *con*, he solemnly decided that it was not incumbent upon him to issue the writ, cuts no figure at all. His investigation of the question was without meaning or effect. He could hardly escape the consequences of refusing to obey the law, by inviting arguments and rendering a decision.

The judgment is affirmed.

*Affirmed.*