[Crim. No. 91. Second Appellate District.—June 18, 1908.]

## In Re HERBERT L. COLLINS, on Habeas Corpus.

HABEAS CORPUS—IMPRISONMENT UNDER JUDGMENT FOR MISDEMEANOR—LONG DELAY IN EXECUTION.—The writ of *habeas corpus* will not lie to release a defendant from imprisonment under a judgment of conviction for misdemeanor, by reason of long delay in the execution of the judgment. If it be conceded that such delay, even by consent of the defendant, is invalid, it could not, however long continued, avoid the original judgment, which is valid and subsisting, and the execution thereof by imprisonment dates only from its actual commencement, and is legal and valid until the full sentence is served.

ID.—RIGHTS OF DEFENDANT.—The defendant had the right to compel the beginning of his imprisonment by *mandamus,* if not in custody; and if in custody, may have a writ of *habeas corpus,* in order to direct the beginning thereof, under the judgment, in pursuance of section 670 of the Penal Code.

ID.—TIME OF EXECUTION NO PART OF JUDGMENT.—The time at which a judgment or sentence shall be carried into execution forms no part of the judgment of the court. The judgment is the penalty of the law as declared by the court, while the direction as to the time of carrying it into effect is in the nature of an award of execution. The expiration of time without imprisonment is in no sense an execution of the sentence.

ID.—POWER OF JUSTICE TO ARREST AND COMMIT.—The justice of the peace who imposed the sentence for misdemeanor may, if the convicted defendant is at liberty, and has not served his sentence, in the absence of a statute to the contrary, arrest him, and order him into custody upon the unexecuted judgment, and commit him in execution thereof.

APPLICATION for writ of *habeas corpus* to W. V. Buckner, Sheriff of Kings County.

The facts are stated in the opinion of the court.

Rowen Irwin, for Petitioner.

J. L. C. Irwin, District Attorney, for Respondent.

TAGGART, J.—*Habeas corpus.* On June 1, 1907, Herbert L. Collins pleaded guilty to a charge of vagrancy, waived time for sentence on the charge, and a judgment of imprisonment for the term of six months in the county jail was rendered and entered against him thereon. The judgment was not executed at the time; the justice of the peace before whom the proceedings were had merely made an entry in his docket of "Commitment withheld," and allowed the defendant to have his liberty.

On February 29, 1908, a commitment in execution of said judgment was issued by the justice, and by virtue thereof the sheriff took the defendant into custody and confined him in the county jail. It is from this confinement his release is sought.

Application for such release was made to the superior court of Kings county, in which county defendant was confined, and after a hearing his application was denied. It was thereupon renewed in this court.

Both demurrer and answer to the petition are presented upon the return. Only one issue of fact is raised by the latter and no evidence was offered by either party in relation thereto. The petition alleges that at the time the order was made withholding the commitment the defendant was present in court, and ready and willing to surrender himself in execution of the judgment. The answer denies that he

was ready or willing, but avers that he was present and consented to the making of the order.

It appears from the declarations of the courts in some jurisdictions that at common law it was competent for a court having the authority to imprison as a penalty for crime to make an order staying execution, and the power to do this is held to be inherent in the court. The practice was recognized and followed in England, where there was no appeal as a matter of right from a conviction for crime. For this reason, it is said to follow that, unless otherwise provided by statute, the power to stay execution exists in the court, and being exercised for the benefit of the defendant, will be presumed to have been done with his consent. (*Weber* v. *State,* 58 Ohio St. 616, [51 N. E. 116] ; *People* v. *Court of Sessions of Monroe Co.,* 141 N. Y. 288, [36 N. E. 386].)

The application of the rule *expressio unius,* etc., to the provisions of section 1203 of the Penal Code would justify a distinction between the exercise of the probationary powers of the court in suspending sentence and in staying execution after sentence. The suspension of sentence appears to be the general rule in cases in which the defendant is over sixteen years of age, while suspension of execution of sentence appears to be restricted to sentences to pay fine with imprisonment in the alternative. This special provision for a stay of execution justifies the further inference as to the legislative intent to limit the power to specially provided cases. If the rule were applicable here, the absence of statutory authority would render the order, "commitment withheld," void. This same rule is invoked by the respondent in connection with the sections of the code relating to stay of execution on appeal, but we do not think it material to the question before us whether the order be void or not.

It may even be conceded that the rule declared in those cases in which the plea of guilty or verdict of conviction has been entered but no sentence imposed, to wit, that an agreement or condition that the defendant may remain at large unsentenced is void, and that the suspension of the sentence entered by consent is unauthorized (*Gray* v. *State,* 107 Ind. 177, [8 N. E. 16] ; *People* v. *Barrett,* 202 Ill. 287, [95 Am. St. Rep. 230, 67 N. E. 23]), is applicable here, and the invalidity of the subsequent order staying execution be ad-

mitted for that reason, yet this would not avoid the original judgment. (*Sylvester* v. *State*, 65 N. H. 193, [20 Atl. 954].) It would still be a valid, subsisting unexecuted judgment.

The time at which a judgment or sentence shall be carried into execution forms no part of the judgment of the court. The judgment is the penalty of the law as declared by the court, while the direction with respect to the time of carrying it into effect is in the nature of an award of execution. Where the penalty is imprisonment, the sentence of the law is to be satisfied only by the actual suffering of the imprisonment imposed, unless remitted by death or by some legal authority. The expiration of time without imprisonment is in no sense an execution of the sentence. (*State* v. *Cockersham*, 24 N. C. [2 Ired.] 204; *Dolan's Case*, 101 Mass. 222.)

Where the convicted defendant is at liberty and has not served his sentence, if there be no statute to the contrary, he may be rearrested as an escape and ordered into custody upon the unexecuted judgment. (1 Bishop's New Criminal Procedure, sec. 1384; *In re Shaw*, 31 Minn. 44, [16 N. W. 461]; *Ex parte Vance*, 90 Cal. 208, [27 Pac. 209]; *People* v. *Patrich*, 118 Cal. 332, [50 Pac. 425].) Not only may the justice of the peace in such a case issue a commitment, but he may even be compelled to do so by *mandamus* in a proper case. (*Mann* v. *People*, 16 Colo. App. 475, [66 Pac. 452].) Says the Colorado court: "The judgment of conviction did not become void because the respondent failed to issue a writ of commitment. . . . It is immaterial that more than 60 days has elapsed since the conviction. Graham was not in prison during that time, and the judgment could be satisfied only by his actual imprisonment for the adjudged period. The duty to issue the writ was mandatory."

Section 670 of the Penal Code of this state provides that the term of imprisonment fixed by the judgment in a criminal action does not commence to run until the defendant is actually delivered at the place of imprisonment, and that any time that he is temporarily at large by any legal means must not be computed as part of the term. It was by the application of this section that it was held in *Ex parte Morton*, 132 Cal. 346, [64 Pac. 469], that a sentence to commence after the date of the delivery of the defendant at the place

of imprisonment, if not within the provisions of section 669 of the same code, was invalid.

If a person who has entered a plea of guilty, or who has been convicted of a crime, desires that his sentence shall begin he can, if not in custody, compel the issuance of the commitment (*Mann* v. *People*, 16 Colo. App. 475, [66 Pac. 452]), or, if he be in custody, may have a writ of *habeas corpus* to direct his imprisonment upon such sentence in the proper place that his term may begin to run under section 670. If he be serving a sentence for a misdemeanor in the county jail and be sentenced upon conviction of a felony, he is entitled to be removed to the state prison *forthwith* by virtue of the requirement of section 1216, Penal Code, to that effect. (*Ex parte McGuire*, 135 Cal. 339, [87 Am. St. Rep. 105, 67 Pac. 327].)

While a comparison of section 1213 with section 1455 discloses an absence of the element of time in the provisions for the execution of a judgment under the last section, and the former shows a right of the defendant to immediate action by the sheriff, and it was upon this statutory right to be taken forthwith that the action of the court in *Ex parte McGuire*, was based, it is unnecessary in support of the court's action to hold that any difference in the practice was intended by the legislature.

There was a valid, subsisting judgment unexecuted against the defendant on the 29th of February, 1908. The record does not disclose that any objection was made by him to the suspension of sentence or any effort to have the court execute the judgment. That he was ready and willing to have the sentence executed did not cause him to demand its execution or to refuse to accept the benefits of the order now claimed to be void. The judgment being valid and the sentence unserved, the commitment of the defendant in execution of the judgment was a legal and valid imprisonment.

Writ dismissed and petition denied.

Allen, P. J., and Shaw, J., concurred.