## *Ex Parte* TAGGERT.

No. A-2764. Opinion Filed June 24, 1916.

(158 Pac. 288.)

1. **PARDON—Condictions—Acceptance.** Before the terms and conditions of a parole can be made binding upon a party convicted, that party must consent to and accept the terms and conditions. thereof. He is a party at interest and must be consulted, for he has the right to accept the parole with the conditions it imposes, or to reject it, as he sees fit.

2. **PUNISHMENT—Parole—Conditions.** And where a parole is arbitrarily written into a judgment of sentence and conviction, by a court, imposing certain terms and conditions upon the person convicted, and it is not made to affirmatively appear that such convicted person accepted and consented to these terms and conditions, imprisonment based upon a breach of the terms of such parole cannot be upheld.

Application by Dick Taggert for writ of *habeas corpus*. Writ granted, and prisoner discharged.

*Twyford & Smith*, of Oklahoma City, for petitioner.

*B. D. Shear,* City Atty., of Oklahoma City, for respondent.

BRETT, J.   The petitioner, Dick Taggert, on June 14, 1916, filed in this court an application for a writ of *habeas corpus* in which he avers that he is unlawfully restrained of his liberty by W. B. Nichols, chief of police of Oklahoma City. And further avers that on November 29, 1915, he (Dick Taggert) was tried in police court in Oklahoma City upon two charges, one for breaking glass upon a sidewalk, and the other for conveying intoxicating liquors in said city; that he was fined upon the charge of breaking glass, and upon the charge of conveying intoxicating liquor he was fined and given a jail sentence of 30 days; and that the police judge, "without the application of the said Dick Taggert and without advising him of his rights in any respect whatever, suspended said 30-day jail sentence during the time, and until he was convicted on any other offense; that the said Dick Taggert

did not make application for or consent to said pretended parole or suspension of said sentence, but that the same was made and done by said police judge without the said Dick Taggert's consent;" that the fines and costs were thereafter paid on behalf of *the petitioner, Dick Taggart; and that thereafter on the 26th day of January, 1916, because of an alleged breach of the conditions of the parole, the police judge set aside the parole and committed the petitioner to the city jail for 30 days upon the former conviction.

There are several questions raised by the petition, one of which is whether the police judge had the power and authority to grant paroles. But it is not necessary to a correct determination of this case to consider these questions. The controlling issue in this case is whether or not the petitioner applied for or consented to the terms of the parole.

(1, 2) We may assume, without deciding, that the police judge had the power to grant paroles; yet, before he could make the conditions of a parole binding upon a party convicted, that party certainly would have to consent to the terms and conditions thereof. He is a party at interest, and must be consulted; he alone has the right to accept the parole with the conditions imposed, or to reject it, as he sees fit. And to bind him by the terms of the parole, his consent must affirmatively appear. But in this case the evidence offered on behalf of the respondent does not affirmatively show either an application for the parole in question, or that the petitioner consented to or accepted the terms thereof; and the terms of such a parole are not binding upon, but are void as to, the person convicted; and imprisonment based upon a breach of its terms, after the term of imprisonment has expired, cannot be upheld. *State v. Goddard,* 69 Ore. 73, 133 Pac. 90, 138 Pac. 243, Ann. Cas. 1916A, 146.

Let the writ issue, and the petitioner be discharged.

DOYLE, P. J., and ARMSTRONG, J., concur.