[Crim. No. 1181. Second Appellate District, Division Two.—December 9, 1924.]

In the Matter of the Application of HENRY A. HIGGINS for a Writ of Habeas Corpus.

[1] Criminal Law—Conviction of Vagrancy—Escape from County—Service of Sentence.—A person convicted of vagrancy in a justice's court cannot escape service of his sentence by reason of the fact that, immediately following the sentence, the clerk informs him that he can return the next day and that he then can commence serving his sentence, and, instead of complying with such arrangement, he leaves the county and remains at large until after the expiration of the length of time prescribed for his imprisonment.

[2] Id.—Satisfaction of Sentence — Necessity for Actual Imprisonment.—A sentence of imprisonment can be satisfied only by actually suffering the imprisonment imposed, unless remitted by death or by some legal authority, and the expiration of the time for imprisonment without actual imprisonment is in no sense an execution of the sentence.

[3] Id.—Unlawful Arrest—Lawful Custody by Sheriff.—The fact that the defendant was not brought back to the county under the commitment issued by the justice's court in the vagrancy case in which he was convicted, but was unlawfully arrested and brought back on some other assumed charge, did not entitle him to his release from the custody of the sheriff, into whose custody he was given upon his return to the county.

(1) 16 C. J., p. 1332, n. 28 New.    (2) 16 C. J., p. 1373, n. 74, 75.    (3) 29 C. J., p. 39, n. 91.

PROCEEDING in Habeas Corpus to secure the release of petitioner from custody under a commitment for vagrancy. Petitioner remanded.

The facts are stated in the opinion of the court.

Durelle F. Glidden for Petitioner.

C. B. Selleck for Respondent.

THE COURT.—[1] The petitioner in this *habeas corpus* proceeding was convicted in the justice's court of the city of San Diego of the crime of vagrancy, and was sen-

1.  See 10 R. C. L. 586.

tenced to imprisonment in the county jail for the term of six months. The clerk made out a commitment and handed it to a police officer for delivery to the sheriff, who received it within two or three days after its issuance. Immediately following the sentence, the clerk of the justice's court informed petitioner that he could return the next day and that he then could commence serving his sentence. Instead of complying with this arrangement, petitioner left San Diego. A year and five months later he was arrested in Los Angeles by police officers of the latter city. He was not taken into custody under any warrant, but was informed by the arresting officers that he was wanted in San Diego on a charge of burglary or embezzlement. Petitioner was taken by the officers to San Diego and there delivered into the custody of the sheriff of San Diego County, by whom he is now being held under the commitment issued out of the justice's court in execution of the sentence for vagrancy.

Even if the clerk of the justice's court were acting under the direction of the justice of the peace when he told petitioner that he could return the next day and commence his sentence, still that amounted to no more than a stay of execution, and did not affect the validity of the sentence or of the commitment. [2] The sentence could be satisfied only by actually suffering the imprisonment imposed, unless remitted by death or by some legal authority. The expiration of the time for imprisonment without actual imprisonment is in no sense an execution of the sentence. (*In re Collins*, 8 Cal. App. 367 [97 Pac. 188].) [3] Nor is it of any moment that petitioner was not brought back to San Diego under the commitment issued by the justice's court in the vagrancy case. Assuming that his arrest by the Los Angeles officers was unlawful, still when he was given into the custody of the sheriff of San Diego County it was the duty of that officer to imprison petitioner in the county jail under the commitment theretofore issued out of the justice's court, and to keep him so imprisoned until the expiration of the six months for which he had been sentenced. It will not do to say that an escaped prisoner can avoid punishment for his crime merely because the officers who took him into custody may have violated the law. The people of the state of California are not bound by the illegal acts of the Los Angeles police officers—if they were illegal.

Petitioner is remanded.