[Crim. No. 4217. In Bank.—July 25, 1939.]

In the Matter of the Application of CARL PETERSON for a Writ of Habeas Corpus.

Jerome L. Schiller for Petitioner.

Earl Warren, Attorney-General, William F. Cleary, Deputy Attorney-General, and A. E. Bagshaw, District Attorney, for Respondent.

EDMONDS, J.— Ordinarily, the purpose of a writ of *habeas corpus* is to procure one's discharge from custody alleged to be illegal. In the present case, the petitioner, an inmate of the state prison at San Quentin, is demanding the right to reject a parole granted to him by the board of prison terms and paroles under the indeterminate sentence law. (Sec. 1168, Pen. Code.) Although petitioner claims the further right to an absolute discharge from custody, logically, his primary contention would require an order remanding him to the custody of the warden for the remainder of the sentence originally imposed upon him. That an extraordinary writ may be used by a convicted prisoner to com-

pel the execution of his sentence was decided in *In re Collins,* 8 Cal. App. 367 [97 Pac. 188].

The petitioner's unusual position is occasioned by the fact that before his difficulties in this state he was convicted of a felony in Texas for which he was sentenced to a term of 30 years. Later he escaped from the Texas prison to which he was committed and came to California where, in 1935, he was charged with the crime of burglary in the second degree after having been previously convicted of a felony. The State of Texas having waived extradition, he was tried, convicted, and sentenced to the state prison for the term prescribed by law. (Sec. 1168, Pen. Code.)

In due time the board of prison terms and paroles fixed his term of imprisonment at 7½ years, the last two years of which were to be on parole "to the custody of the Texas authorities". When he was eligible for parole, but still in custody at San Quentin prison, an agent of the State of Texas served a warrant of extradition, issued by the Governor of California, upon him. The return of the warden to the writ of *habeas corpus* by which it is sought to stay the execution of that warrant, states that unless otherwise ordered, by this court, he will deliver the petitioner to the agent of the State of Texas as directed by the governor.

The principal point urged by the petitioner challenges the right of the board of prison terms and paroles to terminate his imprisonment under parole conditions not accepted by him. He argues that as a parole is not a termination of the sentence imposed, but a continuance of that sentence under particular conditions fixed by the board and required to be fulfilled by the convict, it is only effective when accepted and cannot be forced upon him without his consent. In support of this contention, he relies by analogy upon pertinent rules which have been established in regard to executive pardons.

It has long been held that consent by the prisoner is a prerequisite to the validity of a conditional pardon because its terms may be more objectionable than the punishment fixed by the sentence. (*United States* v. *Wilson,* 7 Pet. 150 [8 L. Ed. 640], and see cases cited in annotation, 52 A. L. R. 835.) The same conclusion has been reached in California. Many years ago this court held that to be effectual, a conditional pardon must be accepted by the prisoner. (*Ex parte Marks,* 64 Cal. 29 [28 Pac. 109, 49 Am. Rep. 684].)

The word "parole" was originally a military term signifying the word of honor or promise of a prisoner of war that if he be released, he will comply with certain conditions, such as to refrain from bearing arms against his captors. As used in penology, the term has come to signify the release of a prisoner prior to expiration of his term of imprisonment conditioned upon his continuing good behavior during the remainder of the term. In its essential characteristics, therefore, a parole cannot be distinguished from a conditional pardon. Each constitutes the release of a convict upon fixed conditions before the expiration of his term of imprisonment and many courts have drawn upon this analogy to hold that a proffered parole must likewise be accepted to be effective. (*Ex parte Hawkins*, 10 Okl. Cr. 396 [136 Pac. 991]; *Ex parte Taggert*, 12 Okl. Cr. 439 [158 Pac. 288]; *Fuller* v. *State*, 122 Ala. 32 [26 So. 146, 82 Am. St. Rep. 17, 45 L. R. A. 502]; *Re Patterson*, 94 Kan. 439 [146 Pac. 1009, L. R. A. 1915F, 541]; *Ex parte Colcord*, 49 S. D. 416 [207 N. W. 213]; *State* v. *Goddard*, 69 Or. 73 [133 Pac. 90, 138 Pac. 243, Ann. Cas. 1916A, 146].)     Section 1168 of the Penal Code, which defines the rights and duties of the board, and empowers it to parole prisoners upon such conditions as it may deem proper, does not authorize the board to require the prisoner to accept a parole ordered by it, and under the principles stated and applied in the authorities cited, the consent of the petitioner is a prerequisite to his release upon parole.

However, this conclusion does not entitle petitioner to an absolute discharge from custody at this time, for he cannot convert the board's order into an unconditional parole merely by rejecting the condition attached. In rejecting the order of parole, he renders himself bound to serve the unexpired term of his sentence as now fixed or subsequently modified. It is, therefore, ordered that petitioner be discharged from custody by virtue of the warrant of extradition and remanded to the custody of the respondent warden.

Houser, J., Langdon, J., and Curtis, J., concurred.

SHENK, J., Dissenting.—I dissent.

As a part of his return herein, the warden of San Quentin prison has filed the original warrant of extradition signed -by

the Governor of this state on January 17, 1939, and directing that the petitioner be delivered to the Texas authorities.

It is settled that the exercise of the executive discretion to issue the extradition warrant may be inquired into in *habeas corpus* proceedings. (*Hyatt* v. *People,* 188 U. S. 691, [23 Sup. Ct. 456, 47 L. Ed. 657]; 12 Cal. Jur., p. 406.) But it has been held many times that the prisoner may not be deemed to have a voice in the matter of his extradition. (*Roberts* v. *Reilly,* 116 U. S. 80 [6 Sup. Ct. 291, 29 L. Ed. 544]; *People* v. *Hagan,* 34 Misc. 85 [69 N. Y. Supp. 475]; *People* v. *Klinger,* 319 Ill. 275 [149 N. E. 799, 42 A. L. R. 581]; note, 42 A. L. R. 585; *State* v. *Saunders,* 288 Mo. 640 [232 S. W. 973]. See, also, *Carpenter* v. *Lord,* 88 Or. 128 [171 Pac. 577, L. R. A. 1918D, 674, 680, and note].) Consequently, there would seem to be no necessity in this case to invoke the inverse function of the writ of *habeas corpus* to investigate the question whether the petitioner may exercise his preference to remain in San Quentin prison.

The duty to extradite a fugitive from justice upon a legal requisition from a sister state is imposed by article IV, section 2, of the United States Constitution. (*Taylor* v. *Taintor,* 16 Wall (83 U. S.) 366 [21 L. Ed. 287]; *State* v. *Hall,* 40 Kan. 338 [19 Pac. 918, 10 Am. St. Rep. 200], and cases cited.) The leading case of *Taylor* v. *Taintor, supra,* is to the effect that the duty is not, however, absolute, and that the laws of the asylum state may first be satisfied for any infraction of its penal provisions. The legislature of this state in 1937 (Stats. 1937, p. 1581), in adopting the Uniform Criminal Extradition Act, added section 1553.1 to the Penal Code providing that if a criminal prosecution has been instituted against the fugitive under the laws of this state and is still pending, the Governor, with the consent of the attorney-general, *may* surrender him on demand of the executive authority of another state *or* hold him until he has been tried and discharged or convicted and served his sentence in this state. The Governor has duly issued the extradition warrant and the attorney-general is demanding in this proceeding that the order be carried out.

The foregoing cited cases tend to establish that the present weight of authority is to the effect that when the Governor has duly exercised the discretion so vested in him by statute, there is no question remaining for judicial investigation in a *habeas corpus* proceeding. They seem to leave little to be

said to resolve the question adversely to the petitioner's contentions when it is considered that the executive authorities have determined that the demands of this state on account of the prisoner's infractions of its penal laws have been fully satisfied.

In my opinion the prisoner should be remanded subject to the warrant of extradition.