STONE *v.* ROBINSON, SHERIFF.

Jan. 4, 1954

No. 39181 47 Adv. S. 75 69 So. 2d 206

*Percy Quinn, Noel W. Buckley,* Jackson, for appellant.

**458**

*Joe T. Patterson,* Asst. Atty. Gen., Jackson, for appellee.

McGEHEE, C. J.

This is a habeas corpus proceeding wherein appellant Floyd E. Stone petitioned for such a writ on September 10, 1953, when the circuit judge issued the same returnable before the judge of the county court, who dismissed the petition, and allowed bail to the petitioner pending an appeal to this Court "in view of the fact that said cause is of first impression in this state under Chapter 436, Mississippi Laws of 1948."

It appears that on February 5, 1953, the State Board of Parole of Louisiana issued unto the appellant Floyd E. Stone a certificate of parole duly signed by M. E. Culligan, Chairman, and Maurice H. Sigler, Acting Warden, effective May 5, 1953, and granting unto the prisoner the right to be and remain in the State of Mississippi "until December 6, 1958; or, until other action may be taken by the Board of Parole."

This certificate of parole contained the further recital that the "parole is granted upon condition that the said

prisoner has agreed to observe and perform all and singular the rules and covenants shown on the back hereof, all of which are made and agreed to be conditions precedent to his release."

On the reverse side of the certificate of parole it is stipulated among other things that Mrs. Lillian A. Tomicich was to be the parole adviser of the parolee, and to whom he was to regularly report between the first and fifth days of each month, which he accordingly did; that he would live and remain at liberty without violating the law; and that "I do hereby agree to waive the issuance and service of all extradition proceedings and freely and voluntarily agree to return to the State of Louisiana, if at any time I violate any of the provisions of my parole and the Louisiana authorities request my return." The foregoing stipulations were duly signed by the appellant and witnessed by the parole clerk of the State Board of Parole of Louisiana.

The petitioner was duly identified by his parole adviser or officer of Hazlehurst, Mississippi, as being the person whom the State Board of Parole of Louisiana wanted retaken and reimprisoned pending a hearing before the said Board as to whether or not the said certificate of parole should be revoked. The genuineness of the signatures of the chairman and the acting warden of the State Board of Parole of Louisiana to the certificate of parole introduced in evidence at the habeas corpus hearing was established by a state probation and parole officer of Louisiana who testified as a witness at the habeas corpus hearing. The petitioner did not testify and the genuineness of his signature to the conditions endorsed on the reversed side of his parole is not in dispute.

It appears that the appellant Floyd E. Stone was convicted in the circuit court of Washington Parish, Louisiana, on December 2, 1949, of the crime of theft and sentenced to the Louisiana state penitentiary to serve

a term of nine years and that when he was paroled on February 5, 1953, effective May 5, 1953, he was permitted by the parole board of that State to come to the State of Mississippi to remain under the terms and conditions endorsed upon his certificate of parole as aforesaid and duly assented to in writing by him; that Chapter 436, Laws of Mississippi of 1948, is an "Act providing that the State of Mississippi may enter into a compact with any of the United States for the mutual helpfulness in relation to persons convicted of crime or offenses who may be on probation or parole." That by sub-section 3 of Section 1 of Chapter 436, of the Laws aforesaid, it is provided: "That duly accredited officers of a sending state may at all times enter a receiving state and there apprehend and retake any person on probation or parole. For that purpose no formalities will be required other than establishing the authority of the officer and the identity of the person to be retaken. All legal requirements to obtain extradition of fugitives from justice are hereby expressly waived on the part of states party hereto, as to such persons. The decision of the sending state to retake a person on probation or parole shall be conclusive upon and not reviewable within the receiving state: Provided, however, that if at the time when a state seeks to retake a probationer or parolee there should be pending against him within the receiving state any criminal charge, or he should be suspected of having committed within such state a criminal offense, he shall not be retaken without the consent of the receiving state until discharged from prosecution or from imprisonment for such offense."

Section 1 of the Act provides that "The governor of this state is hereby authorized and directed to execute a compact on behalf of the State of Mississippi with any of the United States legally joining therein * * *," prescribing the form of such compact.

Such a compact was not introduced in evidence but is on file in the office of the Secretary of State of Mis-

sissippi showing Governor Fielding L. Wright duly assented thereto in writing on April 23, 1948, after Governor Earl K. Long of Louisiana had executed a similar writing which was placed on file in the office of our Secretary of State, either before or at the time of the execution of the writing by the Governor of our State.

Article 1, Section 10 of the Constitution of the United States prohibits a state from entering into any agreement or compact with any other state without the consent of Congress. In recognition of this constitutional provision, Congress on June 6, 1934, enacted a statute giving its consent to the several states to enter into compacts for cooperative effort and mutual assistance in the prevention of crime and in the enforcement of their respective criminal laws and policies and to establish such agencies, jointly or otherwise, as they may deem desirable for making effective such agreements and compacts. Gulley, Sheriff v. Apple, 213 Ark. 350, 210 S. W. 2d 514.

The Arkansas court in the above case points out that: "Pursuant to this statute, the uniform act in question has been enacted in most of the states, including Arkansas and Missouri."

The State of Louisiana under its Revised Statutes, Vol. 12, Section 15 :574.14 enacted a law, similar in all respects to Chapter 436, Laws of Mississippi of 1948. ■■ ■ The compact on file in the office of our Secretary of State, of which we take judicial notice, (Mississippi-Gulfport Compress & Warehouses, Inc. v. Public Service Commission, 189 Miss. 166, 196 So. 793), as a public record of this state, provides among other things that "this compact shall become operative immediately upon its execution by any state as between it and any other state so executing. When executed it shall have the full force and effect of law within such state * * *."

In the case of Gulley, Sheriff v. Apple, *supra,* the Court quoted at some length from the case of Ex Parte Tenner, 20 Cal. 2d 670, 128 P. 2d 338. And in construing the constitutionality of the Act known as the "Uniform

Act of Out of State Parolee Supervision," and particularly with reference to Sub-section 3 of Section 1, *supra,* which authorizes the duly accredited officers of a sending state at all times to enter a receiving state and thereby apprehend or retake any person on probation or parole said: "Appellee argues that this section conflicts with Art. IV, Sec. 2, clause 2 of the Constitution of the United States and 18 U. S. C. A., Sec. 662. It is insisted that this constitutional provision and congressional act provide the only method by which appellee might be returned to the State of Missouri. The section of the Constitution referred to provides: 'A person charged in any state with Treason, Felony, or other Crime, who shall flee from Justice, and be found in another State, shall on demand of the executive authority of the State from which he fled, be delivered up, to be removed to the State having Jurisdiction of the Crime.' This provision is not self-executing. Com. of Kentucky v. Dennison, 24 How. 66, 16 L. Ed. 717. Congress subsequently enacted R. S., Sec. 5278, 18 U. S. C. A. Sec. 662, which prescribes the procedure to be followed in making the constitutional provision effective."

The Arkansas Court then quotes the California court in the Tenner case, *supra,* as follows: " 'Nor does the act of the respondent deprive the petitioner of his liberty without due process of law in violation of the Fourteenth Amendment to the United States Constitution. He had his day in court when he was tried and convicted of a felony and sentenced to a maximum term of five years in the Washington State Penitentiary. The parole which he accepted was granted upon the express condition that the Board of Prison Terms and Paroles "may at any time within its discretion and without notice cause the parolee to be returned to the said institution to serve the full maximum sentence or any part thereof." One convicted of crime has the right to reject an offer of parole, but once having elected to accept parole, the

parolee is bound by the express terms of his conditional release. In re Peterson, 14 Cal. 2d 82, 92 P. 2d 890 . . .' "

The appellant in the instant case raises the same question and in reply thereto we make the further observation that the appellant was not in this state as a matter of right, as if prior to indictment or conviction, but he was here as a matter of grace under the clemency extended to him by the State Board of Parole of Louisiana and subject to be retaken and reimprisoned upon further action by the said parole board. His case differs from those of Gulley, Sheriff v. Apple, and Ex Parte Tenner, *supra,* only in that the parole had been revoked in each of those cases whereas in the instant case he was to be delivered to the Louisiana authorities for the purpose of a hearing before the State Board of Parole of Louisiana as to whether or not his parole should be revoked. We think that under the cases above cited and those of Ohio Ex rel. Nagy v. Alvis, 152 Ohio St. 515, and People Ex rel. Rankin v. Ruthazer, 98 N. Y. S. 2d 104, 304 N. Y. 302, the State of Louisiana was entitled to have him retaken and reimprisoned pending a hearing as to whether or not his parole should be revoked.

The appellant invokes the provision of Subsection 3 of Section 1 of Chapter 436, Laws of 1948, *supra,* hereinbefore quoted, wherein it is stated "provided, however, that if at the time when a state seeks to retake a probationer or parolee there should be pending against him within the receiving state any criminal charge or he should be suspected of having committed within such state a criminal offense, he shall not be retaken without the consent of the receiving state until discharged from prosecution or from imprisonment for such offense."

The appellant set up the fact that at the time when he was sought to be retaken by the Louisiana authorities he had been charged in a justice of the peace court in Hinds County, Mississippi, of having committed an assault and battery with intent to kill and murder, had been

granted bail in the amount of $750 to await the action of the Hinds County grand jury and that such charge was then pending and had not been nol prossed at the time of the habeas corpus hearing. ██ █ The answer to this contention is that only the State of Mississippi could assert its right under the statute to detain the appellant here to await the outcome of such prosecution, and that the State at the habeas corpus hearing was consenting to his being retaken by the Louisiana authorities in that the Attorney General of the State was present through an Assistant, at the hearing and contesting the right of the appellant to the writ of habeas corpus.

The remaining assignments of error by the appellant deal with the question of the admissibility in evidence of the original of the certificate of parole, the warrant issued by the Commissioner of Public Welfare of Louisiana and directed to the Director of Probation and Parole of that state for the arrest of the appellant, and on the ground that the same were not certified to under the Act of Congress as alleged to be provided for by Section 1747 Mississippi Code of 1942 and the amendments thereto, and on the further ground that the warrant issued by John A. Payne as administrator of the interstate compact for parolees and probationers for the State of Mississippi for the arrest and detention of the appellant pending his surrender to the Louisiana authorities was not authorized by law.

██ █ But we are of the opinion that since the witness Payne testified that he personally knew that the signer of the Louisiana warrant was the Commissioner of Public Welfare of that state and that the person to whom it was directed was the Director of Probation and Parole of that state, these documents were admissible in evidence since the witness Hagg, a state probation and parole officer of Louisiana, testified and attested to the genuineness of their signatures at the habeas corpus hearing; ██ █ and that these documents together with a written

communication received by Miss Evelyn Gandy, Director of Legal Service of the Mississippi Department of Public Welfare and also Deputy Administrator of the Interstate Parole Compact, from the officer of Louisiana to whom the warrant in that state was directed, afforded to the said John A. Payne, as chairman of the Mississippi State Parole Board and Administrator of the Interstate Compact for Parolees and Probationers for the State of Mississippi, sufficient cause to justify him in issuing the warrant for the detention of the appellant pending his being retaken by the Louisiana authorities, under the broad provisions of the said Chapter 436 of the Mississippi Laws of 1948, supra, and under the decisions of the courts of Arkansas, California, Ohio and New York in their interpretation of the Uniform Act for Out of State Parolee Supervision.

The judgment denying the writ of habeas corpus to the appellant must, therefore, be affirmed.

Affirmed.

. *Hall, Kyle, Arrington* and *Lotterhos, JJ.,* concur.