Brixey v. Cameron

LAWRENCE E. BRIXEY v. THOMAS H. CAMERON AND
FRANK W. CAMERON, D/B/A LORIS LIVESTOCK MARKET

No. 7016SC292

(Filed 26 August 1970)

1. **Evidence § 48— competency of witness as expert — discretion of court**
    The competency of a witness to testify as an expert is addressed
primarily to the discretion of the trial court, and its determination
is ordinarily conclusive unless there be no evidence to support the
finding or unless there is an abuse of discretion.

2. **Evidence § 48— refusal to rule witness as expert in psychiatry — testimony as expert in general medical practice**
    Where the court ruled that plaintiff's witness was qualified to
testify as a medical expert in the field of general practice of medicine,
and in that capacity the witness testified fully as to his opinion concerning the effects of the collision in question upon plaintiff's physical and mental health, the court did not abuse its discretion in refusing
to rule the witness also qualified as an expert in the specialized field
of psychiatry.

3. **Appeal and Error § 30— exclusion of evidence — failure to show what evidence would have been**
    Exceptions to the exclusion of evidence will not be considered on
appeal when the record fails to show what the excluded evidence would
have been.

4. **Damages § 16— instructions — loss of earnings and earning ability**
    In this action for injuries sustained in an automobile accident,
the charge of the court adequately instructed the jury that plaintiff's
loss of earning ability and loss of past, present and future earnings
should be considered as an element of damages.

5. **Trial § 51— motion to set aside verdict — discretion of court**
    Plaintiff's motion to set aside the verdict and for a new trial
was addressed to the discretion of the trial court, and denial of the
motion is not reviewable on appeal absent a showing of abuse of discretion.

APPEAL by plaintiff from *Clark, J.,* December 1969 Civil
Session of ROBESON Superior Court.

Plaintiff brought this civil action to recover damages for
personal injuries and property damages suffered by him when
defendants' truck collided with the rear of plaintiff's automobile. The jury answered issues of negligence and contributory
negligence in plaintiff's favor and awarded $6,500.00 for personal injuries and $600.00 for property damages. From judgment
on the verdict, plaintiff appealed.

*Joseph C. Ward, Jr., and J. H. Barrington, Jr., for plaintiff appellant.*

*Anderson, Nimocks & Broadfoot, by Henry L. Anderson, for defendant appellees.*

PARKER, J.

[1, 2] Plaintiff assigns as error that the court declined to qualify his witness, Dr. Timothy H. Gridley, as a medical expert specializing in the field of psychiatry. "[T]he competency of a witness to testify as an expert is a question primarily addressed to the court, and his discretion is ordinarily conclusive, that is, unless there be no evidence to support the finding, or unless the judge abuse his discretion." *State v. Moore,* 245 N.C. 158, 95 S.E. 2d 548. In the present case the court did rule that the witness was qualified to testify as a medical expert in the field of general practice of medicine. In that capacity the witness was allowed to testify fully as to his opinion concerning the effects of the collision upon plaintiff's physical and mental health. No abuse of the court's discretion has been shown in refusing to rule the witness also qualified as an expert in the specialized field of psychiatry.

[3] Plaintiff assigns as error that the court excluded from evidence certain hospital records and a bill rendered plaintiff by the Veterans Hospitals. However, nothing in the record before us shows what these excluded records and this bill would have disclosed had they been admitted. Exceptions to the exclusion of evidence will not be considered on appeal when the record fails to disclose what the excluded evidence would have been. *Heating Co. v. Construction Co.,* 268 N.C. 23, 149 S.E. 2d 625; *Stith v. Perdue,* 7 N.C. App. 314, 172 S.E. 2d 246.

[4] Plaintiff complains that the court failed to instruct the jury that plaintiff's loss of earning ability and loss of earnings past, present and future, should be considered as an element of damages. In his brief, plaintiff contends that "a careful examination of His Honor's Charge in its entirety fails to disclose any mention that the jury might consider as an element of damages '[t]he nature and extent of his business, the value of his services, or whether he was employed or unemployed.' " We do not agree. Examination of the charge reveals that the court clearly instructed the jury that plaintiff was "entitled to recover his damages in one compensation, present worth, all in-

juries; past, present and future, directly and proximately resulting from the negligence of the defendant," and that in determining this recovery the jury should "take into consideration the age of the plaintiff, his occupation and nature of his work, and business, if any. . . ." In our view the charge adequately instructed the jury in the respect in which plaintiff now complains there was an omission. If plaintiff desired greater elaboration, it was his duty to tender an apt request therefor at the trial. 7 Strong, N.C. Index 2d, Trial, § 33, p. 324, at p. 329.

[5] Plaintiff's motion to set aside the verdict and for a new trial was addressed to the sound discretion of the trial court, and the court's refusal of this motion will not be reviewed on appeal, the record disclosing no abuse of discretion. In the trial and judgment appealed from we find

No error.

CAMPBELL and VAUGHN, JJ., concur.