WILLIAM H. DOTSON v. ALLIED CHEMICAL CORPORATION AND
WILLIAM LOWNDES CAIN

No. 7010SC437

(Filed 16 December 1970)

1. Appeal and Error § 49— failure of record to show what excluded testi-
mony would have been

The Court of Appeals cannot determine whether the exclusion of
testimony was prejudicial error where counsel made no attempt to have
the excluded testimony entered on the record.

2. Evidence § 50— stipulation that witness is expert in orthopedic surgery
— exclusion of testimony as to witness' qualifications

In this action to recover for injuries allegedly sustained in an
automobile accident, the trial court erred in refusing to permit plain-
tiff's expert medical witness to define his specialty (orthopedic surgery)
for the jury or to state the length of his practice, notwithstanding
defendants had stipulated that the witness was an expert in orthopedic
surgery, since plaintiff was entitled to present evidence of the medical
expert's qualifications to aid the jury in determining his credibility
as a medical witness.

APPEAL by plaintiff from *Bailey, Judge of the Superior
Court,* 17 November 1969 Session, WAKE Superior Court.

Plaintiff instituted this civil action to recover damages for
injuries allegedly sustained on 24 July 1965, when an automo-
bile, registered in the name of the corporate defendant, and
allegedly being operated by the individual defendant within
the scope of his employment as an agent of the corporate de-
fendant, collided with the rear end of the plaintiff's automobile,
by reason of the alleged negligence of the individual defendant.
The defendants filed an answer denying the material allegations
of the complaint, and pleading contributory negligence in bar
of plaintiff's action.

Plaintiff's evidence tended to show the following: On 24
July 1965, plaintiff was proceeding northwardly on U. S. High-
way 301, south of Weldon, North Carolina; the automobile op-
erated by the defendant Cain was following the plaintiff's
automobile at a distance of 200-250 feet; the weather was clear,
the road dry, and the traffic heavy; the plaintiff stopped behind
an automobile driven by one Smith, to allow the vehicle in
front of the Smith vehicle to make a left turn; the plaintiff's
stop was not sudden and plaintiff gave a hand signal; that,
after skidding a distance of 175-200 feet, the defendant's auto-

mobile collided with the rear end of the plaintiff's automobile, with force sufficient to knock it a distance of 30 feet into the Smith vehicle; that no luggage was carried in the back seat of plaintiff's automobile; that plaintiff suffered serious and permanent injuries and was still subject to frequent pain at the time of the trial; that plaintiff has undergone painful and costly medical treatments.

Defendants' evidence tended to show the following: That the defendant Cain was engaged in a personal errand, and was not acting as the agent of the corporate defendant; that the plaintiff's rear window was completely obstructed with luggage; that the plaintiff did not stop, but was moving at the time of the collision; that the defendant was unable to swerve to the left because of oncoming traffic, or to the right because of a telephone pole; that the defendant braked as hard as he could and then "eased" into the plaintiff's automobile, with very slight impact; that defendant did not see plaintiff give a hand signal; that immediately after the collision, plaintiff stated to the defendant that no one in his car was injured, except plaintiff's daughter, whose nose was bleeding.

Defendants' motion for judgment as of nonsuit, made at the close of plaintiff's evidence and renewed at the close of all the evidence, was denied.

The jury answered in the negative the question, "Was the plaintiff injured by the negligence of the defendant William Lowndes Cain?", upon which verdict judgment was entered for the defendants.

*Yarborough, Blanchard, Tucker & Denson, by Charles F. Blanchard for plaintiff-appellant.*

*Smith, Anderson, Dorsett, Blount & Ragsdale, by Willis Smith, Jr., for defendants-appellees.*

BROCK, Judge.

[1] Plaintiff assigns as error that he was not permitted to testify as to his physical condition prior to the accident. We note that counsel made no attempt to have the answers to his questions entered on the record; thus we cannot determine whether the exclusion of this evidence was prejudicial. However, the plaintiff was allowed, in an earlier portion of his testimony,

to state facts indicative of good condition prior to the collision with defendant.

[2]    Plaintiff assigns as error that the trial court did not permit his expert medical witness to define his specialty (orthopedic surgery) for the benefit of the jury, or to state the length of his practice. Defendants had stipulated that the witness was an expert in orthopedic surgery, and contended that no further evidence as to his qualifications was permissible.

Plaintiff contends that, because of the exclusion of this evidence of his witness' qualifications, the jury was unable to give due weight to his testimony as to the cause and extent of plaintiff's injuries, and thus, may have been led to find that plaintiff was not injured. We agree. Expert witnesses may state their opinions "for the reason lay jurors do not possess the expert knowledge, skill, or training necessary to enable them to make the deduction for themselves." *Tyndall v. Hines Co.,* 226 N.C. 620, 39 S.E. 2d 828. The jury is unable to make independent judgments as to matters involving medical expertise; thus, the weight which it gives to such testimony must depend on its estimation of the knowledge, skill, and veracity of the witness. It follows that the plaintiff had a right that the jury be given some basis for arriving at such an estimation intelligently. The defendants' stipulation as to Dr. Moore's expertise merely removed the necessity for the trial judge to make a ruling on whether the witness would be allowed to testify as an expert. *Credibility* is quite another matter. Of course, it remains within the province of the trial judge to prevent protracted questioning in regard to qualifications after there has been a stipulation that the witness is an expert.

Plaintiff's assignment of error that he was prejudiced by the misconduct of a juror is abandoned on appeal. Rule 28, Rules of Practice in the Court of Appeals of North Carolina.

It is unnecessary to discuss plaintiff's remaining assignments of error.

New trial.

Judges MORRIS and GRAHAM concur.