State v. Craig

---

STATE OF NORTH CAROLINA v. DONALD LEE CRAIG

No. 7125SC79

(Filed 28 April 1971)

Criminal Law § 113— failure to recapitulate testimony of one defense witness

Where, in a prosecution for manslaughter arising out of an automobile collision, the trial judge stated defendant's evidence to the extent necessary to explain the application of the law thereto, particularly with regard to the defense that defendant was not intoxicated and that his conduct in driving his car and his loss of memory concerning the collision had been caused by being struck on the head in a fight shortly before the collision, defendant was not prejudiced by failure of the court to recapitulate the testimony of one of his witnesses which was pertinent to such defense.

APPEAL by defendant from McLean, J., 17 August 1970 Session of CALDWELL Superior Court.

State v. Craig

By bill of indictment, proper in form, defendant was charged with the crime of manslaughter in connection with the death of Robert Lee Ingram, who died as result of an automobile collision which occurred on 25 July 1970 in Caldwell County, N. C. Defendant pleaded not guilty. The State's evidence in substance tended to show: Defendant was driver of the car which collided with the car driven by Ingram; Ingram died as a result of the collision; the collision occurred when defendant drove through a red light at a high rate of speed on the wrong side of the road while in a highly intoxicated condition; a chemical analysis of defendant's breath made approximately an hour and a half after the collision showed a blood alcohol concentration of 0.24 percent. The defendant's evidence tended to show: He was not intoxicated; shortly before the accident he had been in a fight with a boy named Whittington; any abnormal conduct on his part was caused by his being struck on the head by Whittington in the fight; he did not recall anything that happened from the time when he was struck on the head in the fight until the following morning, and he remembered nothing about the accident.

The jury found defendant guilty as charged. From judgment imposing prison sentence, defendant appealed.

*Attorney General Robert Morgan by Staff Attorney Russell G. Walker, Jr., for the State.*

*Townsend & Todd by Neil D. Beach for defendant appellant.*

PARKER, Judge.

Defendant brings forward on this appeal only one assignment of error, that the trial court erred in its charge in failing to recapitulate the testimony of one of his witnesses. This testimony, taken by deposition, was to the effect that in the opinion of the witness defendant was not drinking at the time she saw him shortly before the accident, that he was not then under the influence of any intoxicating beverage, that she saw defendant and the Whittington boy fight, and that defendant acted in a strange manner after he was struck on the head in the fight.

"In instructing the jury the court is not required to recapitulate all of the evidence. The requirement of G.S. 1-180 that the judge state the evidence is met by presentation of the

principal features of the evidence relied on respectively by the prosecution and defense. A party desiring further elaboration on a subordinate feature of the case must aptly tender request for further instructions." *State v. Guffey,* 265 N.C. 331, 144 S.E. 2d 14. Examination of the court's charge to the jury in the present case reveals that the trial judge stated defendant's evidence to the extent necessary to explain the application of the law thereto, particularly with regard to the defense that he was not intoxicated and that his conduct in driving his car and his loss of memory concerning the collision had been caused by being struck on the head in the fight. Defendant did not request any additional instructions. Considering the charge as a whole, we find no prejudicial error.

No error.

Chief Judge MALLARD and Judge VAUGHN concur.