STATE OF NORTH CAROLINA v. JIMMIE CRANE

No. 7130SC446

(Filed 14 July 1971)

1. Criminal Law § 114— instructions — expression of opinion — request by jury for additional information

In replying to the jury's question as to whether defendant's statement to the sheriff was oral or written, the trial court's instruction that, if the jury believed that such a statement was made, it would make no difference whether or not the statement was in writing, did not constitute an expression of opinion. G.S. 1-180.

2. Criminal Law § 113— instructions — request for restatement of the evidence

It is discretionary with the court to grant or refuse the jury's request for restatement of the evidence.

APPEAL from *Grist, Judge,* 15 February 1971 Regular Session of Superior Court of JACKSON County.

Defendant was tried on a bill of indictment charging felonious breaking and entering and felonious larceny. He entered a plea of not guilty, was found guilty on both counts, and appealed from the judgment entered on the verdict.

*Attorney General Morgan by Staff Attorney Conely for the State.*

*Orville D. Coward and Thomas W. Jones for defendant appellant.*

MORRIS, Judge.

[1] After the jury had been deliberating for some time, they returned to the courtroom. The foreman told the court that the jury wanted to know if the sheriff had said he had a signed statement of the defendant, or just the oral word of the defendant. The court, in instructing the jury again to take their own recollection of the evidence, said:

"Well, members of the jury, it is in evidence as to the type of statement allegedly made to Sheriff Holcombe. I'll just have to tell you to take your own recollection of what was said or what was not said. (It would be of very little consequence, from a legal standpoint, it might make a difference to you, one way or the other, as to whether or

State v. Crane

not the statement was or was not made in writing.) As I say, it is in evidence; some of you may have heard it, and some of you may not have, but I cannot go any further than to say that it is in evidence, and (that whether or not it was or was not a written statement, insofar as its legal sufficiency is concerned, is of no consequence. If you find that there was a statement made, beyond a reasonable doubt, and if you find that you believe what was in the statement, it will be up to you to believe; if you fail to find that such a statement was made, it will be a question of whether it was made or not, not a question of whether it was in writing or not. Do you understand that?)

THE FOREMAN: They just wanted to know if Crane had signed the statement to the Sheriff; they didn't understand what the sheriff said to that.

THE COURT: The evidence was testified to by the Sheriff, one way or the other, so you'll have to take your best recollection of it.

THE FOREMAN: All right, sir."

Defendant excepted to those portions in parentheses and these exceptions, together with an exception to the failure of the court to recapitulate the testimony of the sheriff, support defendant's two assignments of error on appeal.

Defendant contends that the trial judge violated the provisions of G.S. 1-180 prohibiting the judge from giving "an opinion whether a fact is fully or sufficiently proven." We fail to see how the remarks of the court could be construed as expressing an opinion. The jury obviously was satisfied that a statement was made by the defendant to the sheriff. The foreman said they didn't understand what the sheriff said as to whether it was a signed statement. The court simply told them if they believed a statement was made, and if they believed what was in it, it would make no difference whether it was in writing.

[2] Defendant also asserts that the court committed reversible error in failing to recapitulate the evidence of the sheriff. The general rule is that it is discretionary with the court to grant or refuse the jury's request for restatement of the evidence. 23A C.J.S., Criminal Law, § 1377. The evidence requested by

the jury here was not a vital portion of the testimony. This was explained to the jury clearly and fully. We find no abuse of discretion and no prejudicial error.

No error.

Judges BRITT and PARKER concur.