STATE OF NORTH CAROLINA v. HOWARD JACK STACK

No. 7126SC448

(Filed 4 August 1971)

1. Criminal Law § 76— involuntary confession — admissibility of subsequent confession

Where an accused has made an involuntary confession, any subsequent confession is presumed to proceed from the same vitiating influence, with the burden on the State to prove to the contrary.

2. **Criminal Law § 76— confession without receiving constitutional warnings — subsequent confession to another crime**

Defendant's confession to the crime of robbery after having been fully advised of his constitutional rights was not tainted and rendered inadmissible by his confession three days earlier to another crime without having been advised of his rights to counsel and against self-incrimination.

3. **Criminal Law § 166— abandonment of assignments of error**

Assignment of error will be overruled where no reason or argument is stated or authority cited in its support. Court of Appeals Rule No. 28.

4. **Criminal Law § 169— exclusion of evidence thereafter admitted**

Error, if any, in exclusion of an order entered in the trial of defendant for another crime was cured when the court thereafter allowed the order into evidence.

5. **Criminal Law § 169— exclusion of testimony — failure to put answer in record**

An exception to the exclusion of testimony will not be considered on appeal where counsel made no attempt to have the excluded testimony entered on the record.

6. **Criminal Law § 33— exclusion of defendant's testimony of personal prejudice**

In this common law robbery prosecution, the trial court did not err in the exclusion of defendant's testimony that a Negro had murdered his father, which defendant contends would tend to cast doubt upon the State's evidence that he had committed the robbery in the company of a Negro.

7. **Criminal Law § 97— denial of motion to reopen case**

The trial court did not abuse its discretion in the denial of defendant's motion, made after the close of all the evidence, to reopen the case and recall the prosecuting witness.

APPEAL from *McLean, Judge,* 8 March 1971 Session of Superior Court held in MECKLENBURG County.

Defendant was charged in an indictment with the offense of common law robbery. The State's evidence tended to show that defendant entered Arthur's Gourmet Shop in the City of Charlotte on 8 August 1970, in the company of an unidentified Negro male, told Arthur Pressman, the proprietor, that his companion had a gun, and demanded Pressman's money. Pressman gave the defendant $17.00, and the pair departed. The defendant's evidence tended to establish an alibi. It appears that defendant was taken into custody on 14 August 1970 in con-

nection with the investigation of another crime, as to which he subsequently gave a statement without having been advised of his rights, and, while still in custody, on 17 August 1970, after being advised of his rights, he confessed to the offense charged in this case. The confession was admitted into evidence. From a verdict of guilty of common law robbery and judgment of imprisonment entered thereupon, defendant appealed to this Court. Defendant's court-appointed counsel was allowed to withdraw from the case, and he is represented on appeal by privately employed counsel.

*Attorney General Morgan, by Deputy Attorney General Moody and Assistant Attorney General Safron, for the State.*

*Arthur Goodman, Jr., for defendant-appellant.*

BROCK, Judge.

Defendant assigns as error the admission of evidence of his confession, on the ground that it was involuntarily given. His contention is that, since his prior statement as to a different crime had been involuntarily given, and he had continuously been in custody since that time, the present confession is tainted.

[1, 2] It is true, of course, that " . . . where an accused has made an involuntary confession, any subsequent confession is presumed to proceed from the same vitiating influence, with the burden on the state to prove the contrary." 2 Strong, N. C. Index 2d, Criminal Law, § 76, p. 582. Assuming, without deciding, that a confession to a separate, unrelated crime, which, standing alone, would undeniably have been voluntary, is a "subsequent confession" within the contemplation of the foregoing rule, we hold that the state has carried the burden of proving that defendant's confession to robbery did not flow from the "same vitiating influence" which rendered the prior statement inadmissible. The prior statement was not induced by any promise or hope of reward or any threat. The defendant was in no way abused, tortured, or intimidated. He was not told that, unless he confessed, he would be delivered to a mob, as was true in *State v. Hamer,* 240 N.C. 85, 81 S.E. 2d 193, relied upon by defendant, and in which the Court held that, nevertheless, the second statement was rendered voluntary by reason of defendant having been advised of his rights. In short, the sole "vitiating influence" relied upon by this defend-

ant, whose acquaintance with the processes of criminal law is not inconsiderable, is that he was not advised of his rights to counsel and against self-incrimination prior to giving his first statement. Under such circumstances, the effect of that omission was adequately removed by the warning which he received prior to making the confession to the robbery. The case of *State v. Fox,* 274 N.C. 277, 163 S.E. 2d 492, cited by defendant, is obviously distinguishable. This assignment of error is overruled.

**[3, 4]** Defendant assigns as error that the court erred in refusing to allow him to "explore on cross-examination the full course of the police officers' conduct" between his arrest and his confession. This assignment of error is subject to being overruled for that "no reason or argument is stated or authority cited" in its support. Rule 28, Rules of Practice in the Court of Appeals of North Carolina. However, the record reveals that the action of the Court to which defendant excepted was not the denial of any cross-examination, but was the exclusion from evidence of an order of another judge, ruling defendant's first statement inadmissible in a prior trial. The record also shows that the error, if error there be, was cured shortly thereafter, when Judge McLean allowed the order into evidence, as Defendant's Exhibit No. 1. In any event, the order did not serve to strengthen defendant's contention that his robbery confession was inadmissible. This assignment of error is overruled.

**[5]** Defendant assigns as error the Court's refusal to allow him to testify as to false confessions which he had made in the past, and contends that evidence that he was a "chronic confessor" would impeach his confession to the crime charged. Assuming, *arguendo,* that the exclusion of such evidence was error, we cannot determine whether it was prejudicial, since counsel made no attempt to have the answer to his question entered on the record. *Dotson v. Chemical Corp.,* 10 N.C. App. 123, 178 S.E. 2d 27. An exception to the exclusion of such evidence will not be considered on appeal. *Brixey v. Cameron,* 9 N.C. App. 339, 176 S.E. 2d 7. This assignment of error is overruled.

Defendant assigns as error the Court's refusal to allow him to testify as to whether he had any identifying marks on his arms, the prosecuting witness having testified that "I don't remember any identifying marks about him." This assignment

of error is subject to the same infirmity as the preceding one and, for the same reason, is overruled.

**[6]** Defendant assigns as error the Court's instruction to the jury to disregard the defendant's testimony that a Negro had murdered his father, and contends that such testimony would tend to cast doubt upon the State's evidence that he had committed the robbery in the company of a Negro. In *Pearce v. Barham,* 267 N.C. 707, 149 S.E. 2d 22, the Court said: "The law recognizes that evidence, when of slight value, may be excluded because the sum total of its effect is likely to be harmful. Stansbury states the rule: 'Even relevant evidence may, however, be subject to exclusion where its probative force is comparatively weak and the likelihood of its playing upon the passions and prejudices of the jury is great.' N. C. Evidence, 2d Ed., § 80, p. 175." This assignment of error is overruled.

**[7]** Finally, defendant assigns as error the denial of his motion, made after the close of all evidence, and three days prior to the substitution of privately-employed counsel, to re-open the case and recall the prosecuting witness. It is within the discretion of the trial judge to allow or deny a motion to re-open the case. In the absence of abuse of discretion, such a ruling will not be disturbed on appeal. Upon this record, we cannot say that such abuse has been shown.

No error.

Judges VAUGHN and GRAHAM concur.