STATE OF NORTH CAROLINA v. RONALD F. JACKSON

No. 7320SC590

(Filed 12 September 1973)

**Criminal Law § 97— denial of motion to reopen case — misapprehension of law**

> The trial court in an armed robbery prosecution erred in the denial of defendant's motion to reopen the case in order to present the testimony of additional alibi witnesses where the trial court did not

make the ruling in the exercise of its discretion but did so under the misapprehension that some rule of law prevents a party from using more than three witnesses to prove any particular point.

APPEAL by defendant from *Chess, Judge,* 12 March 1973 Session of Superior Court held in UNION County.

Defendant was indicted for the armed robbery of Bill Squires, the indictment charging that the offense occurred in Union County, N. C., on 30 January 1973. He pled not guilty. At the trial Squires and another witness for the State each identified defendant as one of the two men who came to the service station and grocery store operated by Squires which is located on Highways 16 and 74 in Union County, N. C., at about 3:20 p.m. on the afternoon of 30 January 1973 and there held the two witnesses at gunpoint while taking money from the cash register. Defendant testified that he had not come to Union County at any time during that day, but on the contrary had been working in Bennettsville, South Carolina, during the entire day. He also presented as witnesses his brother, his employer, and an acquaintance, each of whom testified to having seen the defendant in Bennettsville at various times during the afternoon of 30 January 1973. The jury found defendant guilty as charged. From judgment imposing a prison sentence, defendant appealed.

*Attorney General Robert Morgan by Assistant Attorney General James E. Magner, Jr., for the State.*

*Paul L. Whitfield and David R. Badger for defendant appellant.*

PARKER, Judge.

The record indicates that trial of this case commenced on the afternoon of 12 March 1973 and that presentation of evidence by the State and defendant and argument of counsel to the jury was completed on that day. Upon convening of court on the following morning and prior to the court's instructing the jury, defendant's counsel moved in the absence of the jury to reopen the case in order that he might present two additional witnesses who had not been present on the preceding day and who would testify that defendant was in Bennettsville from 2:30 to 4:00 o'clock on the afternoon of the robbery. The trial judge denied the motion, stating that defendant "already had three or four witnesses, including himself, to testify that he

State v. Jackson

was there; and under our rules you can only use three witnesses to prove any particular point."

"It is well settled that it is within the discretion of the trial judge to reopen a case and to admit additional evidence after both parties have rested and even after the jury has retired for its deliberations." *State v. Shutt,* 279 N.C. 689, 185 S.E. 2d 206. Accordingly, this Court has found no error when the trial judge *in the exercise of his sound discretion* has either granted a motion to reopen a case, *State v. Brown,* 1 N.C. App. 145, 160 S.E. 2d 508, or has refused to grant such a motion, *State v. Stack,* 12 N.C. App. 101, 182 S.E. 2d 633. In the present case, however, the trial judge did not deny defendant's motion in the exercise of his discretion but did so under the misapprehension that some rule of law prevents a party from using more than three witnesses to prove any particular point. While undoubtedly it is within the sound discretion of the trial judge in any case to require the parties to move expeditiously in the presentation of their evidence and to refrain from needlessly consuming the time of the court by presenting an excessive number of witnesses whose testimony would be merely cummulative, there is no rule which limits a party to no more than three witnesses to prove a particular point.

While it was discretionary with the trial judge to grant or deny defendant's motion to reopen the case in order to present the testimony of the additional witnesses, where, as here, the record discloses that the trial court did not make its ruling in the exercise of its discretion but did so under a misapprehension of law, the ruling is reviewable on appeal. 1 Strong, N. C. Index 2d, Appeal and Error, § 54. The ruling here complained of was erroneous, and we are unable to determine that the error caused defendant no prejudice. The point which defendant sought to prove by the additional witnesses related to his alibi and was crucial to his defense.

We do not discuss appellant's remaining assignments of error, which present questions which may not arise upon a new trial. For the error above noted, defendant is entitled to and is awarded a

New trial.

Judges CAMPBELL and MORRIS concur.