STATE OF NORTH CAROLINA v. DENNIS HATCH AND KENNETH HATCH

No. 7415SC88

(Filed 20 March 1974)

1. **Criminal Law § 97, 119— jury request for further instructions — denial proper**

In a prosecution for the discharge of a firearm into an occupied dwelling, the trial court did not err in denying the jury's request that the court reporter read back a portion of the testimony and in denying the jury's request for additional evidence with respect to the type of shotgun used in the crime.

2. **Criminal Law § 113— discharge of firearm into occupied dwelling — sufficiency of instructions**

Trial court's instruction in a prosecution for the discharge of a firearm into an occupied dwelling was sufficient where it reviewed defendants' contention that the firing was not willful or wanton, defined "willful and wanton," and recapitulated the principal features of the evidence relied upon by the State and by the defendants.

APPEAL from *Hall, Judge,* 13 August 1973 Session of ALAMANCE County Superior Court. Argued in the Court of Appeals 19 February 1974.

Defendants were charged with kidnapping and with shooting a shotgun into an occupied dwelling in contravention of G.S. 14-34.1. They were acquitted of the kidnapping charge and convicted of the firearm charge.

The State's evidence tended to show that defendants came to the apartment of Jack Koonsman armed with shotguns. Defendants walked holding Koonsman at gunpoint to the apartment of Wayne Moorefield—Koonsman's next door neighbor—and Koonsman entered the Moorefield apartment while defendants

remained outside. As Koonsman attempted to warn Moorefield of the armed men outside, there was a gun blast, and pellets came into the apartment. A struggle between Mr. and Mrs. Moorefield and the defendants ensued with several shots being fired. When Koonsman came out of the kitchen, he saw both defendants crouched behind his car, which was parked at the curb, pointing their guns at the house; and there was an exchange of gunfire several minutes in duration between Moorefield and his roomer, Alex Baker, in the apartment and defendants behind the car. There was testimony to the effect that the defendants had been trying to collect a debt owed them by Alex Baker and that they had threatened violence to Baker. Following the incident, deputies tracked the defendants with the use of bloodhounds and found each with a shotgun and two or three boxes of shells in his pocket.

Defendants testified that their family had "had trouble" with Alex Baker and that he had shot at defendants' brother, Hubert Hatch. They further testified that they went to Moorefield's apartment to discuss the debt owed them by Baker. They admitted that the exchange of gunfire took place between them and Baker and Moorefield while defendants were behind the car.

From the judgment of guilty of discharging a firearm into an occupied dwelling, defendants appealed.

*Attorney General Morgan, by Assistant Attorney General Briley, for the State.*

*W. R. Dalton, Jr., for defendant appellant Dennis Hatch.*

*M. Glenn Pickard for defendant appellant Kenneth Hatch.*

MORRIS, Judge.

[1] Defendants assign error to the trial court's denial of the jury's request that the court reporter read back a portion of the testimony. There is no merit to this assignment; for as we said in *State v. Crane*, 11 N.C. App. 721, 182 S.E. 2d 225 (1971), it is discretionary with the court to grant or refuse the jury's request for a restatement of the evidence. There is likewise no merit to the assignment of error to the court's refusal of the jury's request that additional testimony be taken. It is defendants' contention that the request was denied, not in the exercise

of discretion, but rather under a misapprehension of law. The specific exchange between the court and the jury was as follows:

"FOREMAN: One other question, this particular type shotgun, when does it eject that shell, can we know that, do you have to pump it?

COURT: Again, you remember the evidence and take your own recollection.

FOREMAN: This came up in the discussion back there and it hasn't been established the type of shotgun.

COURT: I can't help you with the evidence, that is solely a matter for your determination."

It is within the discretion of the trial court to reopen a case and admit additional evidence, even after the jury has retired for deliberation. However, if the trial court denies such a motion, not in the exercise of its sound discretion but rather in misapprehension of law, a new trial will be granted. *State v. Jackson*, 19 N.C. App. 370, 199 S.E. 2d 32 (1973). In *Jackson, supra,* a new trial was granted because the court refused to reopen the case to receive additional witnesses on the defense of alibi on the ground that the parties were limited by law to three witnesses on a given point. The above-quoted colloquy in this case can by no means be regarded as a statement that the court was forbidden by law to reopen the case. The court properly instructed the jury that the evidence was a matter for their determination, and this assignment of error is overruled.

[2] Defendants next contend that the court violated G.S. 1-180 by commenting on the evidence when he neglected to instruct the jury that if defendants fired into the house in order to cause Moorefield and Baker to cease firing at them, their conduct would not be willful and wanton. They contend, in addition, that certain portions of defendants' evidence were not called to the attention of the jury. The trial court instructed the jury that defendants contended that the firing was not willful or wanton, and he defined "willful and wanton." Furthermore, a careful review of the court's instruction reveals that the principal features of the evidence relied upon by the State and by the defendants were recapitulated. A recapitulation of the principal features relied on satisfies the requirement of G.S. 1-180. *State v. Guffey*, 265 N.C. 331, 144 S.E. 2d 14 (1965); *State v. Craig*, 11 N.C. App. 196, 180 S.E. 2d 376 (1971).

No error.

Chief Judge BROCK and Judge CARSON concur.