STATE OF NORTH CAROLINA v. GENE RICE

No. 7417SC719

(Filed 2 October 1974)

1. **Criminal Law § 91— motion to continue to obtain witnesses — time of making**

    By not informing either his counsel or the court until the State and the defendant had presented evidence and rested the case, defendant waived any right to have the proceeding delayed or to compel witnesses to testify as to matters that might corroborate his own testimony.

2. **Criminal Law § 91— continuance to secure witnesses — denial proper**

    There is nothing in the record to indicate that defendant was in any way prejudiced by the court's refusal to delay the trial to compel the attendance of the witnesses or in the use of a stipulation instead of their testimony.

APPEAL by defendant from *Rousseau, Judge,* 26 March 1974 Session of Superior Court held in CASWELL County. Heard in the Court of Appeals on 3 September 1974.

Defendant was charged in a warrant, proper in form, with assaulting one Sergeant Henderson and Mr. Tingen with a deadly weapon.

The record discloses that the defendant waived his right to court-appointed counsel at his trial in the district court. Upon the defendant's conviction and appeal to the superior court for trial *de novo,* Judge Rousseau appointed Robert R. Blackwell to represent him.

Upon the defendant's plea of not guilty, the State offered evidence tending to show that on 29 December 1973 the defendant was an inmate at the Caswell County Prison Unit. On this date, Sergeant Roy Henderson, an officer on the second shift, went to the Unit's dormitory with Mr. Tingen and others for the purpose of transferring the defendant to the "segregation cell block". The defendant refused to leave the dormitory; and when Sergeant Henderson approached, the defendant stated that he would hit Sergeant Henderson with a padlock. The defendant was armed with a padlock welded to a pipe which was attached to an "inmate belt" approximately two feet in length. The padlock weighed approximately one pound. The defendant wrapped the belt around his hand; and when the officers approached, he swung the weapon at Henderson, Dailey, and

Tingen. The officers were forced to dodge and retreat to avoid being struck by the weapon in the hands of the defendant. One of the blows "struck the cell block door leaving a dent thereon."

The defendant testified and denied that he struck at Henderson or any other officer with the lock.

After the State and the defendant had rested, the record discloses that the following occurred:

"//COURT: Now is there a question about not having witnesses here?

DEFENDANT: Yes, sir, I went to the Clerk's office and Mr. Moore and the Clerk subpoenaed witness[es] for me and so I would like to have them here tomorrow to bring out the truth of this matter.

SOLICITOR SCOTT: The State is willing for the defendant to state what your witnesses would testify to if they were here.

DEFENDANT: That is not going to be exactly the same thing.

COURT: I will allow you to state what those witnesses would state if they were here and read it to the jury tomorrow.//

EXCEPTION[S] 1 and 2 (denoted above with //).

DEFENDANT: You have it in the transcript that you are denying me witnesses to be subpoenaed?

COURT: No, sir.

DEFENDANT: Why weren't you?

COURT: I am saying when the case was called there was nothing said about the witnesses not being present. Let the record show that this case was called for trial, that the jury was empaneled. The State offered its witnesses or witness and the defendant testified in his own behalf and his attorney announced there was no further evidence. The defendant himself then stated that he could not get his witnesses at which time the Court offered to allow him to give the names of his witnesses and the Solicitor has stated that he would stipulate that if those witnesses were

State v. Rice

present that they would testify as to whatever the defendant said they would testify. Now who are your witnesses?

DEFENDANT: Richard Holmes, Charles Carter, the Clerk wrote it down awhile ago; Richard Holmes and Charles Carter and Edward Lewis, Roy Fox, Leinwood Day and James McLamb.

COURT: What would Richard Holmes testify to if he were here?

DEFENDANT: Well, he would testify to the same thing that I had and Charles Carter would testify to the same thing that I did and Edward Lewis would testify to the same thing that I did and the other three would testify . . . . * * *

COURT: So the last three would testify about that, would they testify about anything that happened in lockup concerning this case?

A. No, sir.

COURT: I will allow you to read into the record and I want the Reporter to type up that part, what Richard Holmes and Charles Carter and Edward Lewis would testify to if they had been here. And I deny the others.

COURT: Let the record further show this warrant was sworn out on the 28th day of January, 1974. That he was tried in the lower court on March 2[2], 1974, and that he was brought to Caswell County on March 26, 1974. And that three subpoenaes were given to the Clerk but that when the case was called for trial there was no mention made of witnesses not being present."

The jury found the defendant guilty; and from a judgment imposing a prison sentence of fifteen months, he appealed.

*Attorney General Robert Morgan by Associate Attorney Kenneth B. Oettinger for the State.*

*Blackwell & Farmer by R. Lee Farmer for defendant appellant.*

HEDRICK, Judge.

All of defendant's assignments of error relate to the court's refusal to delay defendant's trial in order to obtain defendant's

witnesses and in the use of the stipulation that the witnesses, if present, would corroborate defendant's testimony.

Although not denominated as such, we treat the colloquy set out in the record between the defendant and the court as a denial of motions to continue and to reopen the case for the introduction of additional testimony.

It is well settled in this State that a motion to continue is addressed to the sound discretion of the trial judge and his ruling thereon will not be reversed in the absence of a showing of an abuse of discretion. *State v. Moses,* 272 N.C. 509, 158 S.E. 2d 617 (1968) ; 2 Strong, N. C. Index 2d, Criminal Law, § 91, p. 620. However, if the motion is based on a right guaranteed by the Federal and State Constitutions, the motion presents a question of law and the order of the court is reviewable. *State v. Baldwin,* 276 N.C. 690, 174 S.E. 2d 526 (1970) ; 2 Strong, N. C. Index 2d, Criminal Law, § 91, p. 620.

A motion to reopen a case to call additional witnesses is likewise addressed to the discretion of the trial judge and absent a showing of abuse will not be reversed on appeal. *State v. Shutt,* 279 N.C. 689, 185 S.E. 2d 206 (1971), cert. denied, 406 U.S. 928 (1972) ; *State v. Stack,* 12 N.C. App. 101, 182 S.E. 2d 633 (1971) ; 2 Strong, N. C. Index 2d, Criminal Law, § 97, p. 631.

[1] There is nothing in this record to indicate that the trial court abused its discretion in refusing to delay the defendant's trial in order that the witnesses subpoenaed by the defendant could be brought to court to corroborate the defendant's own testimony. The defendant was tried in the district court four days before his case was called in the superior court. At his trial in the district court, the defendant waived his right to court-appointed counsel. Prior to his trial *de novo* in the superior court, Judge Rousseau appointed counsel to represent him. Had the defendant desired, he could have informed his attorney of his wishes regarding the witnesses in sufficient time to compel their attendance or to move for a continuance until such time as the witnesses could be made available. By not informing either his counsel or the court until the State and the defendant had presented evidence and rested the case, we are of the opinion the defendant waived any right to have the proceedings delayed or to compel witnesses to testify as to matters that might corroborate his own testimony. On this record, no abuse of discreton is shown.

**[2]** Furthermore, it is abundantly clear from the record that Judge Rousseau and the Assistant District Attorney went out of their way to accommodate the wishes of the defendant with respect to the desired witnesses. While the defendant complains that the use of the stipulation would not be the same as the personal testimony of the witnesses, he did not object to its use. Indeed, he and his attorney implicitly assented thereto. There is nothing in this record to indicate that the defendant was in any way prejudiced by the court's refusal to delay the trial to compel the attendance of the witnesses or in the use of the stipulation in lieu of their testimony. We do not find that the trial judge either abused his discretion or denied the defendant his constitutional right of confrontation. See *State v. Utley,* 223 N.C. 39, 25 S.E. 2d 195 (1943).

The defendant had a fair trial free from prejudicial error.

No error.

Judges BRITT and BALEY concur.