STATE OF NORTH CAROLINA v. LAWRENCE C. BUTCHER

No. 766SC530

(Filed 1 December 1976)

**Criminal Law § 91— absence of subpoenaed witness — stipulation of what testimony would have been — denial of continuance**

> The trial court's denial of defendant's motion for a continuance made on the ground of the absence of a subpoenaed witness did not constitute an abuse of discretion or a denial of defendant's rights to confrontation and to compulsory process where, pursuant to a stipulation by the State, defense counsel was permitted to state to the jury what the witness would have testified if he had been present, the court instructed the jury to consider the statement of such testimony as though given by the witness himself under oath, and defendant did not at any time object to the stipulation or the procedure employed.

APPEAL by defendant from *Fountain, Judge*. Judgment entered 7 April 1976 in Superior Court, NORTHAMPTON County. Heard in the Court of Appeals 9 November 1976.

Defendant was indicted for discharging a firearm into an occupied building in violation of G.S. 14-34.1. Just before the case was called, defendant moved for a continuance on the ground that his only witness, his brother Timothy Butcher, was not present. He stated to the court that Timothy was an eye witness to the alleged incident; that he had been subpoenaed; and that he had been present the previous week waiting for the case to be called. The judge denied a continuance and the case was tried.

State presented several eye witnesses whose testimony tended to show that Earl Robinson operated a night club; that defendant came to the club on the night of 12 October 1975; that Robinson asked defendant to leave because he had had trouble with defendant in the past; that defendant left but later called Robinson to the door; that defendant called Robinson

names and pulled a shotgun from out of his coat and fired before the door could be closed; and that some shots struck the door and some entered the building.

Defendant offered no evidence except a statement by his counsel. The district attorney stipulated that defendant's counsel could tell the jury what defendant's proposed witness, Timothy Butcher, would have testified to if present. Counsel then made a statement to the effect that Timothy Butcher had told him that defendant did not have a gun and that the shot "came from up on a hill some distance from the building."

The defendant was convicted by a jury and sentenced to 10 years.

*Attorney General Edmisten, by Special Deputy Attorney General Robert P. Gruber, for the State.*

*Cherry, Cherry and Flythe, by Charles Slade, Jr., for the defendant.*

MARTIN, Judge.

The defendant contends that the trial court committed error in denying his motion for a continuance on the ground of the absence of a subpoenaed witness. The defendant asserts that in so doing the trial court abused its discretion and denied his constitutional rights to confrontation and to compulsory process.

The trial record reveals that the defendant's witness, Timothy Butcher, did not appear at trial to testify. However, what he would have testified to had he appeared was read to the jury on the basis of a stipulation made by the State. This stipulation appears in the record as follows:

"No evidence was offered for the defendant except that the district attorney for the State stipulated that the defendant's counsel could state to the jury whatever the defendant's brother Timothy Butcher would have testified to if present in court and the State stipulated that the brother would so testify, but did not stipulate as to the truth of his testimony."

The record reveals that the defendant did not at any time object to this stipulation or to the procedure proposed. In response

to the stipulation, counsel for the defendant then made the following statement to the jury:

"I have talked with the witness Timothy Butcher and he was here all of last week and when I talked with him, he told me that Lawrence Butcher did not have the gun on this occasion and did not fire a shot into the building and that in his opinion the shot came from up on a hill some distance from the building."

At the close of the evidence, the trial court charged the jury to consider the statement of Timothy Butcher's anticipated testimony as though given orally under oath. This portion of the charge reads as follows:

"The defendant has on the other hand offered evidence to the effect that his brother was in the car with the Squire girls, who have testified, and that his brother if present would testify, and you would consider it as if he did testify under oath, to the effect that he was there with those girls and that his brother did not have a shotgun and his brother did not shoot at anyone or at the building, and that he heard a shot fired and it seemed to come up from the hill some good distance from there."

It is clear to this Court that the denial of a continuance did not amount to an abuse of discretion or a denial of the defendant's constitutional rights. This case is controlled by the holding in *State v. Utley*, 223 N.C. 39, 25 S.E. 2d 195 (1943) which is similar on its facts to the present case. In *Utley*, which involved a prosecution for murder, the accused moved for a continuance on the basis of the absence of several subpoenaed witnesses. The solicitor stated that he would admit what the absent witnesses would testify to if present. Before the close of the defendant's case, the trial court instructed the jury in accordance with the agreement of the solicitor " . . . that the jury should consider that the witnesses had so testified, and that the jury should consider same as evidence for defendant just as if the witnesses had been present and testified in court." *State v. Utley, supra* at 44, 25 S.E. 2d at 199. The Supreme Court held that, as a matter of law, it could not say that the denial of the motion for a continuance took from the defendant his constitutional right of confrontation.

In a more recent case on this point, the trial court denied a continuance based on the absence of witnesses and allowed

a statement as to what the witnesses would have said in lieu of their testimony. See *State v. Rice,* 23 N.C. App. 182, 208 S.E. 2d 416 (1974). This Court held that the trial judge, in using this procedure, neither abused his discretion nor denied the defendant his constitutional right of confrontation. In addition, this Court also stated the following:

> "While the defendant complains that the use of the stipulation would not be the same as the personal testimony of the witnesses, he did not object to its use. Indeed, he and his attorney implicitly assented thereto." *State v. Rice, supra* at 186, 208 S.E. 2d at 418.

In the instant case, the record reflects that the trial court and the district attorney went out of their way to accommodate the wishes of the defendant by giving the defendant the benefit of what the absent witness would have testified to had he been present. Defendant's counsel was given the opportunity to make a statement of the anticipated testimony from the missing witness and that statement was made to the jury without objection or exception either to the procedure followed or to the subsequent charge to the jury explaining the procedure. It is therefore clear to this Court that the trial court acted well within the bounds of its discretion and did not violate the defendant's constitutional rights.

Defendant had an impartial trial free from prejudicial error.

No error.

Judges BRITT and VAUGHN concur.