## STATE v. BARNES.

1. Defendant being convicted of grand larceny, was sentenced to imprisonment in the penitentiary at hard labor for the term of two years. After serving eight months of his term, he was pardoned by the governor "upon condition that he shall leave the State within forty-eight hours, never to return." *Held*, that the condition annexed to the pardon was not illegal, immoral, or impossible to be performed.
2. And defendant having accepted the pardon, and six years afterwards returned to the State, he was then properly recommitted to the penitentiary to serve out the unexpired term of his original sentence.

Before NORTON, J., Richland, October, 1889.

The opinion fully states the case.

*Mr. M. H. Moore*, for appellant.

*Mr. Nelson*, solicitor, contra.

January 7, 1890.    The opinion of the court was delivered by

MR. JUSTICE McIVER.    In this case, the appellant, having been convicted of grand larceny, was sentenced to imprisonment at hard labor in the penitentiary for the term of two years. After suffering a portion of the punishment thus imposed, the appellant was pardoned by the governor "upon condition that he shall leave the State within forty-eight hours, never to return." An affidavit having been submitted to the Court of Sessions, to the effect that appellant had violated the condition of his pardon by returning to the State, a rule was issued requiring him to show cause why he should not be remanded to the penitentiary to serve out the balance of the sentence which had been imposed upon him. The appellant appeared and made return, 1st. That he had been pardoned by the governor. 2nd. That his term of imprisonment under the sentence of the court had expired. The Circuit Judge adjudged the return insufficient, and ordered that appellant be remanded to the penitentiary to serve out the balance of the sentence originally imposed upon him. From this adjudication and order, defendant appeals upon two grounds, as follows: "1st.

That the condition of the pardon granted the defendant by the governor of South Carolina on December 24th, 1883, was illegal and void, while the pardon itself remains absolute, and that his honor erred in holding otherwise. 2nd. That the term of imprisonment to which the defendant was sentenced in 1883 has expired, and that his honor erred in holding otherwise."

Inasmuch as our Constitution, by section 11 of article III., expressly invests the governor with power to grant pardons after conviction, except in cases of impeachment, "in such manner, on such terms, and under such restrictions as he shall think proper," it will not be necessary to look further for his authority to grant a conditional pardon, though it seems to be well settled that such a pardon could be granted in that country from whence we derive a large part of our legal principles. 1 *Chit. Cr. Law*, 773; 1 *Bish. Crim. Law*, § 914 (6th edit.). These authorities show that a pardon may be granted either upon a precedent or a subsequent condition. If the former, then the pardon does not take effect until the condition has been performed: but if the latter, then the pardon takes effect at once, but becomes void whenever the condition is violated, and the offender may be again brought to the bar and remanded to suffer his original sentence.

But while this is conceded, it is contended that a pardon granted upon a condition subsequent, which is illegal, immoral, or impossible to be performed, becomes an absolute pardon, such a condition being absolutely void; and the contention in this case is that the condition upon which the pardon here was granted—to leave the State, never to return—was illegal, inasmuch as there is no such punishment known to our laws as that of banishment or transportation for life or a period of years. Inasmuch as we think it quite clear that the condition annexed to the pardon granted in this case was neither illegal, immoral, nor impossible to be performed, we need not consider what would be the effect of annexing such a condition to a pardon. It is not pretended that the condition here in question was either immoral or impossible to be performed; and the fact that our laws do not prescribe banishment from the State or transportation for life or for a period of years as the punishment for any offence, cannot have the effect of making the condition imposed in this case illegal. There is no

law, so far as we are informed, which forbids the executive from annexing, as a condition of a pardon granted by him, a provision that the offender shall leave the State and never return ; and in the absence of any such law, we do not see how the condition upon which the pardon was granted in this case can be regarded as illegal.

So far from there being any law forbidding the imposition of such a condition as was annexed to the pardon granted in this case, we find that its legality has been frequently recognized in this State. In *State* v. *Fuller* (1 McCord, 178), the defendant, who had been convicted of a mere misdemeanor, was pardoned upon condition that she would leave the State in the course of two weeks ; and upon her failure to comply with the required condition, she was brought up for sentence, and the court held that the pardon upon which she relied was void for want of compliance with the condition upon which it was granted. That is a much stronger case than this, for there the defendant was a married woman, and it was contended that she could not perform the required condition without the consent of her husband. But the court held that the condition was one that was capable of performance, and a failure to perform it rendered the pardon void. In *State* v. *Smith* (1 Bail., 283), the foregoing case was expressly recognized, and it was there held that the governor may annex to a pardon a condition that the offender shall leave the State and never return ; and if any part of the condition is violated, the pardon is forfeited, and execution of the original sentence will be enforced by the Court of Sessions. In that case, the whole subject is fully and most ably discussed by that eminent judge, the late David Johnson. Again, in *State* v. *Addington* (2 Bail., 516), the same doctrine was held, upon the authority of *State* v. *Smith, supra,* which was expressly recognized and affirmed. And, again, in *State* v. *Chancellor* (1 Strob., 347), the same rule was laid down. In view of these repeated and direct adjudications in this State, we do not think that the question can any longer be regarded as open for discussion.

As to the second ground of appeal, we think the authorities above cited show that it cannot be sustained. While it is quite true that the term of two years' imprisonment, to which the defen-

dant had been sentenced in 1883, has long since expired, yet it is equally true that the defendant has not yet suffered imprisonment for that length of time; and as the pardon which he pleads has been adjudged insufficient to relieve him from suffering the whole punishment originally imposed upon him, it follows, necessarily, that he is still liable to be required to complete the term of imprisonment originally imposed, just as if he had escaped during that term. And such is the clear result of the authorities, both English and American.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.