## Ex Parte Hawkins.

### Opinion delivered November 23, 1895.

CONSTITUTIONAL LAW—CONDITIONAL PARDON.—The statute authorizing the governor to grant pardons on condition that the convicted person "shall leave the state and never again return to it" (Sand. & H. Dig. sec. 2412) is not in conflict with Const. 1874, art. 2, sec. 21, providing that no person shall, "under any circumstances, be exiled from the state."

Appeal from Pulaski Chancery Court.

THOMAS B. MARTIN, Chancellor.

STATEMENT BY THE COURT.

S. D. Hawkins filed a petition in the Pulaski chancery court for a writ of *habeas corpus*. He alleged that in the year 1881 he was convicted of a felony in the

Lonoke circuit court, and sentenced by that court to be imprisoned in the state penitentiary for the period of four years. That afterwards, on the 7th day of June, 1881, and while he was serving his sentence of imprisonment, the governor of the state granted him a pardon upon the express condition following: "That the said Hawkins should immediately depart from and remain without the borders of the state of Arkansas, said pardon to be void if the said Hawkins was found within the borders of the state after the 12th day of June, 1881." He further alleged that, by virtue of said pardon, he was set at liberty, and left the state before the 12th day of June, 1881, and remained out of the state for several years; that he then returned, and was re-arrested and confined in the penitentiary. He alleged that the condition attached to said pardon was null and void, that his imprisonment was illegal, and prayed that a writ of *habeas corpus* be directed to E. T. McConnell, superintendent of the state penitentiary, etc. All formalities were waived, McConnell appeared, and filed a demurrer to the petition, which demurrer was sustained by the court, the petition dissmissed, and writ refused. From this order of the court an appeal was taken.

*Dan W. Jones & McCain* for appellant.

Exile or banishment is not allowed in this state. Const. Art. 2, sec. 21. On conditional pardons, see 17 Am. & Eng. Enc. Law, p. 238. If the condition subsequent is void, the grant is absolute. Tiedeman on Real Prop. sec. 274. Where the condition is void, the pardon is absolute. 4 Call (Va.), 35; *State* v. *Smith*, 1 Bailey (S. C.) A pardon must be taken most beneficially for the subject, and most strongly against the King. 4 Blackstone, 401. See also 1 Bish. Cr. Law, sec. 915; 2 Parsons, Cont. 506, note *n*; 22 Gratt (Va.), 801; 10 Ark. 284; 18 How. 310; 4 Kent's Com. 130.

*E. B. Kinsworthy*, Attorney General, for appellee.

Where there is no restriction laid upon the governor's pardoning power, he may exercise it upon such conditions as he may see proper. 10 Ark. 284; 10 S. E. 611. This is the rule, without exception. Section 18, article 6, of the constitution gives the governor the right to grant pardons, under such restrictions as may be prescribed by law. Under sections 2412 to 2416, Sand. & H. Dig., the legislature has expressly stated that the governor may pardon a criminal upon the condition that he leave the state. It is contended in this case that section 21, article 2, of the constitution, which prohibits any person from being exiled from the state, so restricts the governor's pardoning power that he cannot grant a pardon on the condition that the party pardoned shall leave the state and not return. There is no conflict in these two sections of the constitution. If the members of the constitutional convention had intended to abridge the governor's power in the matter of pardons, they would have done so in the section defining his powers and placing certain limitations therein, and would not have undertaken to do so in a section devoted more to limitations upon the legislative and judicial departments of the state. Banishment is a punishment inflicted upon criminals by compelling them to quit a city, place or county. Bouvier's Law Dictionary, page 227. Our constitution does not say that a man shall not expatriate himself, but that he shall not be exiled. In other words, no authority in this state shall force him into exile, but there is nothing in the constitution which denies him the right as a subsequent condition of pardon for a grave crime. 1 Parker, N. Y. 57–8.

Although the king, under the common law, could not banish a subject, he could pardon him on condition that he should be sent from the kingdom. 1 Blackst.

Com. p. 137, and authorities cited. A conditional pardon is a contract between the governor and the criminal, and when the criminal accepts the pardon, he agrees to perform whatever condition it may contain; so he may agree to any condition that it would not be unlawful or immoral for him to do. It would neither be unlawful nor immoral for one to leave the state forever, if he so desired; so such a condition to a pardon is valid. 1 Parker (N. Y.), 47; 28 Pac. 108. The condition is precedent, and, if void, the pardon is void. 1 Parker (N. Y.), 61; see 48 Ia. 264.

RIDDICK, J., (after stating the facts.) The first question for us to determine is whether the condition upon which the pardon was granted was valid or not. In other words, did the governor have power to annex to his pardon the condition that the petitioner should "depart from and remain without the borders of the state?" It is said, in Bacon's Abridgment, that "it seems agreed that the king may extend his mercy on what terms he pleases, and consequently may annex to his pardon any condition that he thinks fit, whether precedent or subsequent, on the performance whereof the validity of the pardon will depend." Bacon's Abridgement, vol. 7, p. 412; 4 Blackstone, Com. p. 401.

It is now well settled that when the constitution gives an unrestricted power of pardon to the governor of the state, he has the right to annex to his pardon any condition, precedent or subsequent, provided it be not illegal, immoral, or impossible to be performed. *Ex parte Hunt*, 10 Ark. 284; *United States* v. *Wilson*, 7 Pet. 150; *Ex parte Wells*, 18 How. 307; *Arthur* v. *Craig*, 48 Iowa, 264; *State* v. *McIntire*, 59 Am. Dec. 576; 1 Bish. Crim. Law, sec. 914.

Our constitution provides that the governor shall have power to grant pardons "under such rules and

regulations as shall be prescribed by law," and a statute expressly authorizes him to grant pardons on condition that the convicted person "shall leave the state and never again return to it." Sec. 18, Art. 6 Const. 1874 ; sec. 2412, Sand. & H. Digest.

But it is said that this statute is in conflict with section 21 of article 2 of the constitution, which provides that under no circumstances shall any person be exiled from the state. We do not agree with this contention. That provision of the constitution forbidding exile was intended as a protection to citizens and inhabitants of the state. Any statute of the legislature, or order of the courts, or executive, inflicting upon a person banishment from the state would, under that section, be void. It forbids exile or compulsory banishment, but it does not say that a person may not, of his own volition, leave the state to escape punishment, or that the governor may not, by his pardon, permit him to do so. To hold that it did would be to construe a provision that was intended to protect the inhabitants of the state into one restricting the power of the governor when exercised in their behalf. Who can doubt that it would be esteemed a great boon by most of those unfortunates, against whom a sentence of imprisonment in the penitentiary for a long term of years has been rendered, to be allowed to escape it by leaving the state? When a citizen of another state or country commits a crime in this state, it might, under some circumstances, be to the best interest of all concerned that a pardon be granted on condition that he leave the state and never return. One can readily conceive of other instances when, to prevent the possibility of future strife between the convicted person and those against whose persons or property he had committed a crime, it would be proper to impose this as a condition of the pardon.

We think the constitution does not deprive the governor of the power to grant pardons on such conditions. As Hawkins accepted his pardon on this condition, and afterwards violated it, the pardon by its own terms became void. His subsequent arrest and imprisonment were therefore legal. The judgment of the court dismissing his petition was, in our opinion, right, and is affirmed.

BUNN, C. J., concurred in the judgment on the ground only that, if the condition was void, the pardon was also void.

---

[NOTE.—For conditions in pardons generally, see note to *People v. Cummings* (Mich.), 14 L. R. A. 285.—Rep.]