[Crim. No. 342.    Third Appellate District.—February 16, 1916.]

In the Matter of the Application of FRANK S. WILSON for a Writ of Habeas Corpus.

CRIMINAL LAW — CONDITIONAL COMMUTATION OF SENTENCE — POWER OF GOVERNOR. — The constitution makes no distinction between the power of the Governor to grant pardons and to commute sentences, and in either case he has the power to attach such conditions as he may think proper, and the condition that a commutation shall be void if the party thereafter be convicted of a felony is valid.

APPLICATION originally made to the District Court of Appeal of the Third Appellate District for a Writ of Habeas Corpus.

Frank S. Wilson, *in pro. per.*, for Petitioner.

No appearance for Respondent.

THE COURT.—It appears from the petition that petitioner was, in the month of June, 1902, convicted of the crime of robbery and sentenced to undergo imprisonment for the term of his natural life, in the state prison at Folsom; that, on March 19, 1909, the Governor of the state commuted the sentence "from the serving of his natural life, to serve 6 years, 9 months and 3 days, or from June 16, 1902, to March 29, 1909"; that the order of commutation of said sentence contains the following provision: "Now, therefore, I, J. N. Gillett, governor of the state of California, . . . do hereby commute the sentence of the said Frank S. Wilson . . . provided that if said Frank S. Wilson shall thereafter be convicted of any felony, this commutation shall become void, and in addition to the sentence imposed for such felony, he shall serve the remainder of the sentence cut short by this order."

By section 1, article VII, of the constitution, "The Governor shall have the power to grant reprieves, pardons, and commutations of sentence, after conviction, for all offenses except treason and cases of impeachment, upon such conditions and with such restrictions and limitations, as he may think proper." It was held in *Ex parte Marks*, 64 Cal. 29, [49 Am. Rep. 684, 28 Pac. 109], that the Governor is authorized to grant pardons upon conditions stated which may be defeated

by a breach of such conditions. In a note to *State* v. *McIntire,* 59 Am. Dec. 566, 572, 576, numerous cases are cited showing that it is well settled that the executive may grant conditions to a pardon. Such conditions as the following are among others which may be imposed: That the prisoner refrain from the use of intoxicating liquors; that he shall use all proper exertions to support his mother and sister; that he shall not be convicted of any offense against the criminal laws of the state. Cases are cited where it was held that if the prisoner fails to perform the condition, the original sentence remains in full force and may be carried into execution.

The constitution makes no distinction between the power to grant pardons and commutations of sentence. The rule above stated applies equally to pardons and commutations of sentence.

The writ is denied.