Ex parte FRANK SNYDER.

No. A-10564.   June 13, 1945.

(159 P. 2d 752.)

Robert Sherman, of Oklahoma City, for petitioner.

Randell S. Cobb, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for respondent.

JONES, J.   This is an original proceeding in habeas corpus instituted by the petitioner, Frank Snyder, also known as Frank Pavlench, to secure his release from confinement in the State Penitentiary at McAlester.

The verified petition filed herein, to which the Attorney General has filed a demurrer, alleges in substance the following facts:

That the petitioner was convicted in the district court of Cleveland county of the crime of robbery with firearms and was sentenced to serve a term of 20 years in the State Penitentiary.   That on May 21, 1934, the Honorable W. H. Murray, Governor of Oklahoma, granted

a parole to said petitioner, upon the following terms and conditions, to wit:

"First: That the said Frank Pavelench, Number 27861, shall abstain from the use and handling of intoxicating liquor and narcotics in any form; he shall not gamble nor in any manner conduct or indulge in a game of chance; he shall not carry firearms nor other dangerous weapons under any circumstances; he shall avoid all evil associations, all improper places of amusement, all pool, billiard and domino halls, obey all the laws and in all ways conduct himself as a moral and upright citizen.

"Second: That the primary condition for grantng this parole to Frank Snyder (real name Frank Pavelench) Number 27861, is that he shall, immediately upon his release, leave the said State of Oklahoma, and shall remain out of said state for a period of twenty years from the date hereof; and if the said Frank Pavelench, Number 27861, shall return to the State of Oklahoma during the period of time above mentioned then this parole shall be automatically revoked and all sheriffs and other peace officers in the State of Oklahoma are hereby directed and ordered to aprehend him wherever he may be found, take him into safe custody and convey him to the Oklahoma State Penitentiary at McAlester, Oklahoma, where he will serve out that portion of his sentence unfinished, according to the original sentence and judgment of Court; and the officer apprehending the said Frank Pavelench, Number 27861, shall be entitled to compensation for such services. And it is further understood by the said Frank Pavelench, Number 27861, that the Governor may revoke this parole for the violation of one or more of the conditions hereof, or for other causes by him deemed sufficient; that the said Frank Pavelench, Number 27861, agrees to accept and comply with the terms and conditions of the above parole agreement, and to make a monthly report to the Pardon and Parole Attorney, State Capitol, Oklahoma City, Oklahoma, as to whereabouts, occupation and earnings."

That petitioner gave his written acceptance to said parole and was released from imprisonment under the terms and conditions thereof. That petitioner, after his release upon said parole, went to the State of Ohio, where he was later convicted of the crime of robbery with firearms. That after said conviction, on May 1, 1935, E. W. Marland, without hearing any evidence, arbitrarily revoked said parole. That on November 25, 1939, Russell W. Smith, judge of the La Porte superior court, issued a writ of habeas corpus releasing the petitioner from incarceration in the State of Ohio. However, by reason of the revocation of his parole by E. W. Marland, Governor of Oklahoma, the petitioner was returned to the State Penitentiary at McAlester, where he has since been confined.

That no opportunity to meet or contest any charge preferred against him before the Governor of Oklahoma was ever afforded to petitioner. That by virtue of the terms of said parole, banishing the said petitioner from the State of Oklahoma, the State of Oklahoma lost jurisdiction over the person of said petitioner and that, therefore, the Governor had no right, authority, or power to revoke said parole.

Two issues are presented by the petitioner: (1) Has the petitioner the right to have a hearing to determine whether he has violated the conditions of his parole before the Governor may issue a revocation? (2) Did the State of Oklahoma lose jurisdiction over the person of the petitioner when he was banished from the state?

The first question must be answered in the negative. This court in the recent case of Ex parte Edwards, 78 Okla. Cr. 213, 146 P. 2d 311, reviewed the authorities pertaining to the right of a convict to a hearing before

the Governor may revoke his parole, and in that case, we laid down the following rule of law:

"Where convict was granted and accepted a parole expressly providing that Governor might revoke same and remand party to prison for violation of conditions or for any other reason by him deemed sufficient, the Governor could order convict remanded without notice to him and without opportunity to be heard."

In the body of that opinion, the following language is used:

"The convict was not forced to accept the parole. He had the option of accepting or rejecting it under the terms and conditions therein imposed. When he did give his written acceptance of the parole with the condition inserted therein that it could be revoked for any cause deemed sufficient by the Governor, he became bound by such terms and may not question the motivating influence behind the revocation. Even for the grossest abuse of this discretionary power vested in the Governor the law affords no remedy. The courts have no concern with the reasons which actuate the Executive. The discretion exercised by him under the terms and conditions of the parole herein involved is beyond the control or legitimate criticism of the judiciary."

See, also, Ex parte Horine, 11 Okla. Cr. 517, 148 P. 825, L.R.A. 1915F, 548; Ex parte Woodward, 58 Okla. Cr. 333, 53 P. 2d 288; Ex parte Collins, 32 Okla. Cr. 6, 239 P. 693.

In connection with the second proposition, it is contended that the banishment parole is contrary to the first provision of section 29, art. 2, of the Oklahoma Constitution, which provides:

"No person shall be transported out of the State for any offense committed within the State . . . ."

This constitutional provision clearly applies to the involuntary transportation of a person out of the state, as punishment for crime. In the instant case, there was no involuntary transportation of the petitioner out of the state. The parole, with all of the conditions set forth therein, was a matter which the petitioner could accept or reject. He gave his written acceptance and, pursuant to its terms, voluntarily left the state.

In 39 Am. Jur. 576, Section 89, it is stated:

"It is a well-established rule that a parole must be accepted by the convict before it becomes effective to secure to him his liberty; that is, it is for him to elect whether he will accept the parole with its conditions or reject it and remain in prison."

The authorities from other jurisdictions seem to hold that a condition inserted in a pardon or parole that the convict shall leave the state and never return is good. 39 Am. Jur. 562, Sec. 68; 60 A.L.R. 1415; Ex parte Hawkins, 61 Ark. 321, 33 S.W. 106, 30 L.R.A. 736, 54 Am. St. Rep. 209; Ex parte Marks, 64 Cal. 29, 28 P. 109, 49 Am. Rep. 684; State ex rel. O'Connor v. Wolfer, 53 Minn. 135, 54 N.W. 1065, 19 L.R.A. 783, 39 Am. St. Rep. 582; People v. Potter, N.Y., 1 Edm. Sel. Cas. 235; Ex parte Lockhart, Ohio, 1 Disney 105, 12 Ohio Dec. 515; Commonwealth v. Haggarty, Pa., 4 Brewst. 326; State v. Barnes, 32 S. Car. 14, 10 S.E. 611, 6 L.R.A. 743, 17 Am. St. Rep. 832.

The case of Ex parte Ford, 46 Okla. Cr. 247, 287 P. 1057, is similar in many respects to the case at bar. In that case, the Governor of Oklahoma issued an instrument designated as a parole, which provided, among other things, that the convict should be delivered to the State of Kansas. Petitioner contended that the instrument

signed by the Governor, although designated as a parole, was in law a pardon and operated as a full discharge of the remainder of the term for which the petitioner was sentenced. In disposing of this contention, the court held:

"The instrument designated as a parole, signed by the Governor and attested by the secretary of state, providing for the release of the convict named from the State Penitentiary, and containing the conditions enumerated in the opinion, which among others provides that the convict shall be delivered to certain authorities of the State of Kansas and shall there report to certain other authorities, which conditions are expressly agreed to by the convict by indorsement thereon, is not by said condition divested of its character as a parole."

In Ex parte Edwards, supra, it is stated:

"The Governor of the state has the power to annex to a pardon or parole any condition precedent or subsequent, provided it be not illegal, immoral, or impossible to be performed."

The condition inserted in the parole that the petitioner shall immediately upon his release leave the State of Oklahoma and remain out of the state for a period of 20 years from the date of said parole is not immoral, is not impossible of performance, and is not contrary to any statute of the State of Oklahoma. The petitioner having accepted the parole with all of the terms and conditions therein inserted, he may not now in this proceeding question the discretion exercised by the Governor in revoking the parole.

The petition for writ of habeas corpus is denied.

BAREFOOT, P. J., concurs. DOYLE, J., not participating.