STATE OF NORTH CAROLINA v. LEX MILTON CULP

No. 7619SC247

(Filed 4 August 1976)

1. **Criminal Law §§ 97, 122— jury request to rehear evidence — denial proper**

    The trial court did not abuse its discretion in denying the jury foreman's request that the court reporter read back all of the evidence.

2. **Criminal Law § 142— suspended sentence — banishment as condition — error**

    A sentence of two years on the roads suspended on condition that defendant remove his trailer from its location and move it to some other location in the county is, in practical effect, a sentence of banishment for two years, and such condition is therefore void.

APPEAL by defendant from *Kivett, Judge.* Judgment entered 18 December 1975 in Superior Court, CABARRUS County. Heard in the Court of Appeals 16 June 1976.

Defendant was indicted for feloniously discharging a firearm into a then occupied motor vehicle. From a plea of not guilty, the jury returned a verdict of guilty as charged. The defendant was then sentenced to an active six months term of imprisonment and an additional two-year suspended sentence and placed on probation subject to compliance with certain conditions including a requirement that defendant "[r]emove his trailer from its location and move it to some other location in the County." Furthermore, defendant was to "[a]void any contact and any conversation with the [prosecuting] witness Mr. Robert Smith." From the judgment, defendant appealed.

Other facts necessary for decision are set out below.

State v. Culp

*Attorney General Edmisten, by Assistant Attorney General Claude W. Harris, for the State.*

*James C. Johnson, Jr., for defendant appellant.*

MORRIS, Judge.

[1]  Defendant contends that the trial court erred in denying the jury foreman's request that the court reporter read back all of the evidence. This assignment of error has no merit. We said in *State v. Hatch,* 21 N.C. App. 148, 149, 203 S.E. 2d 334 (1974), cert. denied 285 N.C. 375 (1975), that " . . . it is discretionary with the court to grant or refuse the jury's request for a restatement of the evidence." Here there is neither abuse of discretion nor misapprehension of the law by the trial court.

[2]  Defendant also contends that the trial court erred in requiring as a "Special Condition" for probation that defendant move his trailer. More specifically, defendant maintains that such a special condition was tantamount to banishment. We agree.

There is no question but that a court having jurisdiction over criminal cases has the power to suspend judgment on a defendant for some special purpose or for some reasonable time. This power is extensively used by trial judges, and its use has been generally upheld by appellate courts as sound public policy and as being favorable to the defendant as an indication of the court's desire to show mercy and to give the defendant an opportunity to avoid penal confinement and live within the bounds of normal society. However, " . . . [i]n North Carolina a court has no power to pass a sentence of banishment; and if it does so, the sentence is void." *State v. Doughtie,* 237 N.C. 368, 369, 74 S.E. 2d 922 (1953).

The concept of banishment has been broadly defined to include orders compelling individuals " . . . to quit a city, *place,* or country, for a specific period of time, or for life." 8 C.J.S., Banishment, p. 593. (Emphasis supplied.) Here, the "place" from which defendant was told to leave was the situs of his trailer home. Insofar as this probation order require such a move, it is void. As one California Court has stated, "[i]t has been long the law of this state that a judgment of banishment either from the state or *from one part of the state* is void as

against public policy." Application of Newbern, 168 Cal. App. 2d 472, 335 P. 2d 948, 951 (1959). (Emphasis supplied.) Also see: Ex Parte Scarborough, 76 Cal. App. 2d 648, 173 P. 2d 825 (1946); *Burnstein v. Jennings,* 231 Iowa 1280, 4 N.W. 2d 428 (1942); Ex Parte Sheehan, 100 Montana 244, 49 P. 2d 438 (1935); *People v. Smith,* 252 Michigan 4, 232 N.W. 397 (1930).

Though the Michigan Supreme Court does not specifically cite banishment as its authority, its decision in *People v. Smith, supra,* is nonetheless supportive of our holding. In that case, the defendants, charged with disturbing the peace, were placed on probation and ordered, as a condition thereof, to move out of their neighborhood. The Michigan Supreme Court rejected such a condition, considering it to be " . . . without authority of law." *People v. Smith, supra,* at 397.

Here, a sentence of two years on the roads suspended on condition that defendant remove his trailer from its location and move it to some other location in the county is, in practical effect, a sentence of banishment for two years. Defendant and his wife own the land upon which the trailer is located, and one of the conditions of suspension was that defendant avoid any contact with the prosecuting witness. The special condition requiring defendant to move his trailer was beyond the power of the court to inflict and is void, and the case must be remanded for a proper sentence.

We have considered defendant's other assignments of error and find them to be without merit.

Remanded for a proper sentence.

Judges VAUGHN and CLARK concur.