STATE OF NORTH CAROLINA v. ROBERT BOYCE SETZER

No. 7725SC832

(Filed 4 April 1978)

**1. Criminal Law § 142.3— probation—condition forbidding loitering around public buildings—reasonableness**

A condition of defendant's probation that he not loiter in or around the courthouse or any other public building unless on business did not amount to banishment, since defendant was not required to stay completely away from the public buildings, but was required only to limit his frequenting of these places to those occasions on which he had business; moreover, this condition of defendant's probation was reasonably related to the offense for which defendant was convicted, unlawful entry, and thus tended to further his reform, since the conduct which precipitated defendant's troubles in the first instance was his breaking into a courtroom, and the overriding concern in defendant's situation was that he used public buildings as temporary abodes.

**2. Criminal Law § 143.6— probation revocation hearing—violation of condition of probation—sufficiency of finding**

Where a condition of defendant's probation was that he not loiter in or around the courthouse or any other public building unless on business, the trial court's finding in a probation revocation hearing that defendant was in the jail building on the night in question and was not on any lawful business at that time was sufficiently specific for the court to determine that this conduct violated the condition imposed.

APPEAL by defendant from *Grist, Judge.* Judgment and commitment entered 20 July 1977 in Superior Court, CATAWBA County. Heard in the Court of Appeals 3 February 1978.

After trial *de novo* before a jury in Superior Court on 20 June 1977, defendant was found guilty of the misdemeanor offense of unlawful entry. He was sentenced to two (2) years imprisonment, execution thereof suspended for five (5) years upon the following conditions, to which defendant assented: (1) that he pay the costs of the action; (2) that he obtain a permanent place to live; and (3) that he not loiter on the courthouse grounds or in the courthouse or any other public building unless he is there on business.

On 7 July 1977, defendant was served with a notice of intent to pray revocation of the suspended sentence on the ground that he willfully violated the terms of the judgment by loitering on the second floor of the Catawba County Jail building on 3 July 1977.

At the revocation hearing on 20 July 1977, State's evidence tended to show that at 10:00 p.m. on 3 July 1977 defendant was seen looking out of a window in the men's restroom on the second floor of the jail building. The building was closed except for the Sheriff's Department on the third floor. The deputy sheriff who noticed defendant proceeded to the second floor and found the door to the men's restroom locked. After several demands, defendant unlocked the door. He was observed to be in a drunken condition with a half pint of wine in his possession.

Defendant's evidence tended to show that he has a kidney problem which necessitated his using the bathroom on the evening in question. Someone was in the first floor restroom, so defendant went to the second floor. The bottle of wine did not belong to defendant, but was in the restroom trash can.

From the evidence presented, the court found that defendant had willfully and without lawful excuse violated the terms of his suspended sentence in that he was in the Catawba County Jail building on 3 July 1977 and was not there for business reasons. The court ordered defendant imprisoned for two (2) years. Defendant appealed.

*Attorney General Edmisten, by Associate Attorney R. W. Newsom III, for the State.*

*Isenhower and Long, by David L. Isenhower, for the defendant.*

MARTIN, Judge.

[1] Defendant contends that the condition he is accused of violating is invalid because it is unreasonable and is imposed for an unreasonable length of time.

In support of this contention defendant first argues that the condition that defendant not loiter in or around the courthouse or any other public building unless on business is void in that it amounts to banishment. We disagree.

It is well settled law that "[i]n North Carolina a court has no power to pass a sentence of banishment; and if it does so, the sentence is void." *State v. Doughtie*, 237 N.C. 368, 74 S.E. 2d 922 (1953); *State v. Culp*, 30 N.C. App. 398, 226 S.E. 2d 841 (1976). In

*Culp* this Court stated, quoting from 8 C.J.S. Banishment, p. 593 (1962), that "[t]he concept of banishment has been broadly defined to include orders compelling individuals '. . . to quit a city, place, or country, for a specific period of time, or for life.' " In the instant case, defendant was clearly not compelled to "quit" the courthouse and other public buildings; rather, the condition imposed merely limited his frequenting of these places to those occasions on which he had business.

Defendant further argues that the subject condition is unreasonable for the reason that it bears no reasonable relationship to the offense for which defendant was convicted and thus, does not tend to further his reform.

As a general proposition, it is true that the primary purpose of a suspended sentence is to further the reform of the defendant. *State v. Smith*, 233 N.C. 68, 62 S.E. 2d 495 (1950). We are of the opinion that the condition complained of in the instant case does not contravene this principle. The conduct which precipitated defendant's troubles in the first instance was his breaking into a courtroom. He was thereafter convicted of unlawful entry. The overriding concern in defendant's situation was that he used public buildings as temporary abodes. We can perceive of no condition more clearly related to preventing this unlawful use of public property than to limit defendant's access to these buildings to business purposes only.

Defendant also argues that the subject condition is imposed for an unreasonable length of time. We disagree. The five (5) year suspension period is within the statutory limit fixed by G.S. 15-200, and on the facts of this case, we cannot find that it was unduly burdensome. Defendant's first assignment of error is overruled.

[2] In the only other assignment of error which merits our attention, defendant argues that the trial court's finding of fact fails to support its conclusion that defendant violated the subject condition. Specifically, defendant contends that the court failed to find that defendant was "loitering."

Regarding the necessity of specific findings of fact upon revocation of a suspended sentence, our Supreme Court, in *State v. Davis*, 243 N.C. 754, 92 S.E. 2d 177 (1956), stated:

". . . [W]here the finding of the court does not state wherein a defendant has violated the conditions and there is a question as to the validity of one or more of the conditions imposed, the defendant is entitled to have the cause remanded for a specific finding as to wherein he has violated the conditions upon which the sentence was suspended. It is only by such a finding that a defendant may be able to test the validity of a condition he believes to be illegal and void in the event the purported violation is based on such condition."

In accord is *State v. Langley*, 3 N.C. App. 189, 164 S.E. 2d 529 (1968).

The specificity contemplated by these decisions requires the trial judge to go beyond the summary finding that a defendant has "willfully violated" the terms of his suspended sentence. The findings should refer to the *manner* in which defendant has violated conditions imposed. *See State v. Langley, supra.* In the instant case, the findings of the court upon which the revocation of defendant's suspended sentence is based do not contain the word "loiter." However, the court's finding that defendant was in the jail building on the night in question and was not on any lawful business at that time was sufficient, in point of specificity, for the court to determine that this conduct violated the condition imposed. We are bound by this finding. Accordingly, we overrule this assignment of error.

We have carefully reviewed the remaining assignments of error and find them to be without merit.

The judgment of the trial court revoking defendant's suspended sentence is affirmed.

Affirmed.

Judges PARKER and ARNOLD concur.