STATE OF NORTH CAROLINA v. LEE CHURCHILL

No. 8210SC1132

(Filed 3 May 1983)

1. **Criminal Law § 26.5; Taxicabs § 1— acquittal of leaving cab unattended—conviction of trespassing**

Defendant could properly be convicted in the superior court of trespassing at a bus terminal after having been acquitted in the district court of leaving a cab unattended while soliciting fares in violation of a city ordinance, even though the same conduct gave rise to both charges, since each offense clearly had an element not found in the other offense. G.S. 14-134.

2. **Trespass § 13— joint ownership of sidewalk—instruction not required**

In a prosecution for trespassing at a bus terminal, the trial court did not err in failing to summarize evidence which defendant contended showed that the bus company shared the sidewalk leading to the terminal with a restaurant which leased space in the terminal and that she had a *bona fide* belief that she could use the sidewalk to go to the restaurant. G.S. 15A-1232.

3. **Criminal Law § 142.3— trespassing at bus terminal—probation—condition forbidding going on terminal premises except for traveling by bus**

A condition of defendant's probation for the crime of trespassing at a bus terminal that she not go upon the terminal premises except for the purpose of traveling by bus and with prior approval of her probation officer did not amount to banishment and was a reasonable condition of her probation.

APPEAL by defendant from *Lee, Judge.* Judgment entered 21 May 1982 in Superior Court, WAKE County. Heard in the Court of Appeals 14 April 1983.

Defendant was convicted of trespassing on the property of Carolina Coach Company. She appeals from a sentence of six months imprisonment, suspended for three years with supervised probation under prescribed conditions.

*Attorney General Edmisten, by Assistant Attorney General Michael Rivers Morgan, for the State.*

*Adam Stein, Appellate Defender, by Nora B. Henry, Assistant Appellate Defender, for defendant appellant.*

HILL, Judge.

On several occasions a security guard at the Trailways Bus Station in Raleigh had instructed defendant, a cab operator, not

to solicit cab fares on, or trespass on, the bus company's property. The terminal manager had also warned defendant to stay off the property, and that if she returned she would be prosecuted for trespassing. The security guard later told her she could come on the property if she would conduct her business there and leave. Further problems developed, however, and the guard again told defendant "not to come on the property and solicit."

On 19 December 1981 the guard observed defendant drive her cab to the front of the bus station and park it some thirty-five or forty feet from the front door. She then walked up the sidewalk onto the terminal property walkway and stood in the front door speaking with several people as they left the terminal. The guard approached and heard defendant ask a man if he needed a cab. He arrested her for leaving her cab unattended, a violation of a Raleigh city ordinance, and for trespass.

[1] The District Court found defendant not guilty of the unattended cab charge, and guilty of trespass. She appealed to Superior Court, and was again found guilty of trespass.

Defendant contends "the State was collaterally estopped from relitigating in Superior Court whether [she] solicited a fare because [she] had been acquitted of that charge in District Court." Her theory, in essence, is that the trespass charge was grounded on her being on the premises for the purpose of solicitation of fares, and that the District Court finding of not guilty on the charge of "while in the operation for solicitation of cab fares did leave cab unattended" was a determination of the issue which precluded its relitigation.

The offenses with which defendant was charged were clearly discrete. The gravamen of the offense of which she was acquitted was *leaving an unattended cab* while soliciting fares, a violation of a city ordinance. *See* Raleigh City Code § 12-2042 (1982). The gravamen of the offense of which she was convicted was *being on the property of another* after being forbidden to do so, a violation of a state statute. *See* G.S. 14-134 (1981). Each offense clearly has an element which the other does not. The mere fact that the same conduct gave rise to both charges is not determinative.

Further, upon appeal from district court to superior court, the "trial *de novo* in the superior court is a new trial from begin-

ning to end, on both law *and facts,* disregarding *completely* the plea, trial, verdict and judgment below . . . ." *State v. Spencer,* 276 N.C. 535, 543, 173 S.E. 2d 765, 771 (1970) (emphasis supplied). Defendant's collateral estoppel contention is without merit.

[2] Defendant contends the court erred in failing, upon request, to summarize her evidence of joint ownership of the sidewalk leading to the bus terminal. She argues that the following evidence supported, and thus upon request required, such summarization:

> Q. [By defendant, *pro se,* to the security guard] Carolina Coach, the building itself is owned by Carolina Coach and the land, but there is [sic] two portions of the bus station; the right side, that is Trailways Bus Station itself, and the other is leased by Food Masters, which runs Travelers Junction Restaurant?
>
> A. They lease part of the building.
>
> Q. There is [sic] two buildings?
>
> A. Yes.
>
> Q. This main walkway up here and this is shared by both concerns, am I correct?
>
> A. Yes, that is correct.

The court must charge on all substantial and essential features of the case which arise upon the evidence. *State v. Marsh,* 293 N.C. 353, 354, 237 S.E. 2d 745, 747 (1977); *State v. Fearing,* 48 N.C. App. 329, 337, 269 S.E. 2d 245, 250, *cert. denied,* 301 N.C. 99, 273 S.E. 2d 303, *disc. rev. denied,* 301 N.C. 403, 273 S.E. 2d 448 (1980). It "is not required [, however,] to state the evidence except to the extent necessary to explain the application of the law to the evidence." G.S. 15A-1232 (1978). Defendant argues that the evidence recited above showed that she had a *bona fide* belief that she could be on the sidewalk, since "there was nothing to indicate she could not come into the restaurant." The record is silent, however, as to any such belief on the part of defendant. The evidence indicated that Carolina Coach Company owned all of the property in question, that its security guard had instructed defendant to stay away from "any portion" of the property, and that he had informed her that she would be arrested for

trespassing if she violated this instruction. In the context of such evidence, the evidence recited above, standing alone, did not suffice to make shared use of the sidewalk a material issue in, or a substantial and essential feature of, the case. The court thus did not err in refusing to include it in his summary of the evidence to the jury.

[3]  A condition of defendant's probation was that she not go upon the premises of Carolina Coach Company or Travelers Junction Restaurant except for the purpose of traveling by bus and with prior approval of her probation officer. Defendant contends "this condition is invalid because it is a sentence of banishment and is an unreasonable condition of probation."

"In North Carolina a court has no power to pass a sentence of banishment; and if it does so, the sentence is void." *State v. Doughtie,* 237 N.C. 368, 369, 74 S.E. 2d 922, 923 (1953). "The concept of banishment has been broadly defined to include orders compelling individuals '. . . to quit a city, *place,* or country, for a specific period of time, or for life.' " *State v. Culp,* 30 N.C. App. 398, 399, 226 S.E. 2d 841, 842 (1976) (quoting 8 C.J.S., Banishment, p. 593 (emphasis supplied by the Court in *Culp*)).

This Court has held, however, that a condition of probation that defendant not loiter on the courthouse grounds, or in the courthouse, or in any other public building, unless he was there on business, did not constitute an order of banishment. *State v. Setzer,* 35 N.C. App. 734, 242 S.E. 2d 509, *disc. rev. denied,* 295 N.C. 263, 245 S.E. 2d 780 (1978). It stated that defendant was not compelled to "quit" the proscribed places entirely, but merely to limit his frequenting thereof to occasions on which he had business.

The condition of probation here likewise did not constitute a general order of banishment. The court allowed defendant access to the terminal premises for the legitimate business purpose of traveling by bus. The condition is not, as defendant contends, unreasonable as bearing no relationship to the offense. The conduct which precipitated defendant's difficulty in the first instance was her presence on the terminal property for a prohibited purpose. Limiting her access to these premises except for the legitimate, non-prohibited business purpose of traveling by bus is thus clearly related to preventing her use of the property for pro-

hibited purposes. It does tend to further defendant's reform, and it is thus a reasonable condition of her probation. *See State v. Setzer, supra,* 35 N.C. App. at 736, 242 S.E. 2d at 511.

We find *Setzer* controlling, and this assignment of error is therefore overruled.

No error.

Judges WEBB and BRASWELL concur.