666 So.2d 868 (1995)
John Edward BEAVERS
v.
STATE.
CR-92-1973.
Court of Criminal Appeals of Alabama.
June 16, 1995.
*869 John E. Beavers, pro se.
Hugh Davis and Alice Ann Byrne, Board of Pardons and Paroles, for Appellee.
COBB, Judge.
This case was originally assigned to another judge on the Alabama Court of Criminal Appeals and was reassigned to Judge Cobb on January 17, 1995.
John Edward Beavers, the appellant, was paroled from prison after serving approximately 7 years of a 30-year sentence. One of the special conditions of his parole, set forth on his certificate of parole, was that he was "barred from Houston County." The appellant violated this condition and his parole was revoked. He filed a petition for certiorari review in Montgomery Circuit Court following the revocation, which petition was denied after an evidentiary hearing. This appeal followed.
*870 In Ellard v. State, 474 So.2d 743, 749 (Ala.Crim.App.1984), affirmed, 474 So.2d 758 (Ala.1985), Judge Patterson, writing for this court, provided a brief overview of the statutory role of the Alabama Board of Pardons and Paroles (the Board):
"The structure, powers, functions, duties, limitations, and responsibilities of the Board are set forth in Title 15, Chapter 22, Code of Alabama 1975. The Board has exclusive authority to grant paroles in Alabama. § 15-22-36. The statutory duties placed upon the Board are mandatory, and the limitations and restrictions therein are to be strictly construed. § 15-22-38. It is limited in its authority to grant paroles and minimum standards for release are prescribed. § 15-22-26 and § 15-22-28. The Board is prohibited from releasing an inmate on parole merely as a reward for good conduct or efficient performance of duties assigned in prison. It can release an inmate only if it is of the opinion that there is a reasonable probability that, if such prisoner is released, he will live and remain at liberty without violating the law and that his release is not incompatible with the welfare of society. The prisoner's release is prohibited unless he is `employed in self-sustaining employment' and will not be a public charge. The Board, in releasing a prisoner on parole, shall specify in writing the conditions of his parole [prescribed by the Board under § 15-22-26], and he can be arrested and reimprisoned for violations. § 15-22-29. Even while on parole a prisoner is considered in the legal custody of the prison authorities until the expiration of the maximum term specified in his sentence or until he is fully pardoned. § 15-22-26. The Board may adopt rules with regard to conditions of parole and their violation. § 15-22-30(b)."
After an investigation, conducted in compliance with § 15-22-25, whether to grant or deny parole is a matter of discretion with the Board.

I.
The main issue raised by the appellant in this appeal is that banishment as a condition of parole allegedly violates Art. I, Sec. 30 of the Alabama Constitution of 1901, which states, inter alia, that "no citizen shall be exiled" and, therefore, he argues his parole could not be revoked for violation of an unconstitutional condition.
"A parole is the conditional release of a convict before the expiration of his term, to remain subject, during the remainder thereof, to supervision by the public authority and to return to imprisonment on violation of the condition of the parole. As otherwise expressed, parole is a correctional or penological device authorizing the service of a sentence outside of prison, and the parole system is part of the state correctional system in view of the fact that parole is a form of custody. It is best characterized as a custodial or regulatory period of conditional liberty properly dependent on the observance of special restrictions. The essence of parole is release from prison before completion of the sentence imposed on the condition that the parolee abide by certain rules during the balance of the sentence.
"A parole is not a full release, and it is not a form of leniency.... A parole is intended as a means of rehabilitating an imprisoned individual, and of restoring to society an offender who is a good social risk; it is a means of affording him an opportunity to reform under proper supervision. A further purpose is to facilitate his reintegration into society by the time his sentence expires. It is not intended as a reward for good conduct or the efficient performance of duties assigned in prison, but is rather an early release from prison based on a determination that the prisoner can live in society without violating the law."
67A C.J.S. Pardon and Parole § 39 (footnotes and citations omitted).
"To accomplish the purpose of parole, those who are allowed to leave prison early are subjected to specified conditions for the duration of their terms. These conditions restrict their activities substantially beyond the ordinary restrictions imposed by law on an individual citizen. Typically, parolees are forbidden to use liquor or to *871 have associations or correspondence with certain categories of undesirable persons. Typically, also they must seek permission from their parole officers before engaging in specified activities, such as changing employment or living quarters, marrying, acquiring or operating a motor vehicle, traveling outside the community, and incurring substantial indebtedness."
Morrissey v. Brewer, 408 U.S. 471, 478, 92 S.Ct. 2593, 2598, 33 L.Ed.2d 484 (1972). Our research has revealed no cases in Alabama dealing with banishment as a condition of release to parole; therefore, we have looked to other jurisdictions for guidance.
A parole is in the nature of a conditional pardon.[1]Fuller v. State, 122 Ala. 32, 37, 26 So. 146, 147 (1899). See also Hoffa v. Saxbe, 378 F.Supp. 1221, 1236 (D.D.C.1974). A number of other jurisdictions have held that any condition, so long as it is not illegal, immoral, or impossible of performance, may be attached to a parole or pardon and have upheld banishment as a condition of a parole or pardon. See, e.g., Ex parte Hawkins, 61 Ark. 321, 33 S.W. 106 (1895); Ex parte Marks, 64 Cal. 29, 28 P. 109, 110, 49 Am.Rep. 684 (1883); State ex rel. Davis v. Hunter, 124 Iowa 569, 100 N.W. 510 (1904); State v. Barnes, 32 S.C. 14, 10 S.E. 611, 611-12 (1890); Ex parte Snyder, 81 Okla.Crim. 34, 159 P.2d 752, 754 (1945); Ex parte Sherman, 81 Okla.Crim. 41, 159 P.2d 755 (1945); In re Cammarata, 341 Mich. 528, 67 N.W.2d 677, 682-83 (1954), cert. denied, Cammarata v. Michigan, 349 U.S. 953, 75 S.Ct. 881, 99 L.Ed. 1278 (1955).
The record in this case reveals that the appellant's certificate of parole, duly signed and executed by him on March 16, 1992, clearly sets forth the conditions of his parole, including, as special conditions, that he undergo mental health counseling; that he refrain from drinking alcoholic beverages; and that he remain out of Houston County.
In Ex parte Hawkins, cited above, the Arkansas Supreme Court interpreted the "no exile" provision of Art. 2, § 21 of the Arkansas Constitution of 1874, which is very similar to that provision in the Alabama Constitution, and stated that this provision was intended to protect the inhabitants of the state by proscribing compulsory banishment, but that that section does not say that a person may not leave the state voluntarily, as a condition of a pardon, to escape further punishment. 33 S.W. at 106. In the present case, the appellant's acceptance of the conditions of parole was voluntary; therefore, we hold that the complained of condition is not violative of the Alabama constitutional prohibition against exile.
"If ... [a condition of parole] may be onerous and in fact is, the applicant for liberty may consider it so and turn it down. He may be willing, however, to accede to the condition and consider it better than a cage. The assumption that a condition requiring one to leave [or stay out of] the state [or county] to be an expulsion is not borne out by logic, since the applicant has a choice to leave [or stay out] voluntarily or stay in jail."
Mansell v. Turner, 14 Utah 2d 352, 384 P.2d 394, 395 n. 4 (1963). Logically as well, the appellant's argument here has no merit. His release on parole merely gave him the chance to serve the balance of his sentence outside of prison; if parole had not been granted, his incarceration would have prevented him from going to Houston County anyway. The appellant has not shown any loss of liberty as a result of this condition.
The appellant cites a number of cases to support his argument in this issue. However, all the cases cited stand for the proposition that a judge may not banish a defendant from a city, county, or state as a condition of granting probation. Probation is an element of the sentencing function of the judiciary and occurs before the defendant goes to prison, while parole is the administrative action taken after the defendant has been imprisoned. Patuxent Inst. Bd. of Review v. Hancock, 329 Md. 556, 620 A.2d 917, *872 926, cert. denied, ___ U.S. ___, 114 S.Ct. 284, 126 L.Ed.2d 234 (1993). Indeed, Alabama statutes "do not permit courts to impose sentences of banishment." Brown v. State, 660 So.2d 235, 236 (Ala.Crim.App.1995) (emphasis added). Other jurisdictions, as well, have proscribed banishment as a condition of probation. See, e.g., State ex rel. Halverson v. Young, 278 Minn. 381, 154 N.W.2d 699 (1967) (state may not revoke probation for violation of condition of banishment from state because that condition is void); Millsaps v. Strauss, 208 Ark. 265, 185 S.W.2d 933 (1945) (judge may not banish defendant as part of his sentence); People v. O. (Anonymous), 36 A.D.2d 828, 321 N.Y.S.2d 518 (1971) (condition of probation that defendant stay out of Suffolk County, New York, unduly harsh); State v. Churchill, 62 N.C.App. 81, 302 S.E.2d 290, review denied, 309 N.C. 193, 305 S.E.2d 736 (1983) (court has no authority to pass sentence of banishment); State v. Jacobs, 71 Or.App. 560, 692 P.2d 1387 (1984) (banishment from town as condition of probation deemed too broad). But see Edwards v. State, 173 Ga. App. 589, 327 S.E.2d 559, 561 (1985) ("[b]anishment of one convicted of a crime from a county or counties is a reasonable condition of probation"). We have found no statutory or constitutional authority in Alabama proscribing banishment as a condition of release to parole.
The appellant next argues that his banishment from Houston County served no rehabilitative purpose.
"The paroling authority, in its discretion, is authorized to grant a parole with such conditions as it deems proper, or as may reasonably be expected to relate to the valid ends of the parole system."
67A C.J.S. Pardon and Parole § 55. See also § 15-22-26, Code of Alabama 1975. Rehabilitation is certainly a valid end of the parole system. The record shows that the appellant was convicted of nine felonies in Houston County between November 1976 and June 1985. The condition of parole that the appellant stay out of Houston County was not unreasonable in light of the appellant's past record and was an effort to assure that the appellant "will live and remain at liberty without violating the law and that his release is not incompatible with the welfare of society." § 15-22-26.
The appellant also claims that the Board violated § 15-22-29(b), Code of Alabama 1975 because, he says, it created conditions of parole without adopting rules for these conditions. This argument is totally without merit. Section 15-22-29(b) allows the Board to "make special rules to govern particular cases." The rules required by the statute are printed on the back of the appellant's certificate of parole, which he signed.
The trial court did not err in denying the appellant's petition on this ground.

II.
The appellant argues that his due process rights were violated at the parole revocation hearing because, he says, he was not given notice, before his revocation hearing, that evidence of certain incidents that occurred while he was in the Seminole County (Georgia) jail would be introduced. However, the record shows that the only basis for revoking the appellant's parole was his violation of a condition of parole, i.e., that he stay out of Houston County. The appellant not only received notice of this violation, he admitted violating the condition.
The minimum due process requirements that must be met before revoking parole, as set forth in Morrissey v. Brewer, 408 U.S. at 489, 92 S.Ct. at 2604, are: (1) written notice of the alleged violations, (2) disclosure of the evidence against the parolee, (3) the opportunity to be heard and to present witnesses and other evidence, (4) the opportunity to confront and to cross-examine adverse witnesses (unless good cause shown for not allowing such confrontation), (5) a hearing before a neutral and detached body, and (6) a written statement by the factfinder as to the evidence relied on and the reasons for revoking parole. The appellant's parole revocation proceeding clearly met these due process requirements.
Even if the complained of evidence had been relied on as a reason to revoke the appellant's parole, he had specific knowledge of the incidents from which this evidence *873 came; therefore, he was not deprived of any due process rights. See Gholston v. Jones, 848 F.2d 1156, 1162 n. 4 (11th Cir.1988) (Edmondson, J., dissenting); see also Stidham v. Wyrick, 567 F.2d 836, 838 (8th Cir. 1977) (no requirement that parolee be given copies of evidence before hearing where he was a party to the incidents giving rise to such evidence).
The judgment of the trial court is affirmed.
AFFIRMED.
All the Judges concur except TAYLOR, P.J., who dissents with opinion.
TAYLOR, Presiding Judge, dissenting.
I dissent from the majority's holding that the Alabama Board of Pardons and Paroles can effectively banish a person as a condition of his parole and that such banishment does not violate the Constitution. Article I, § 30, Alabama Constitution of 1901, states, in pertinent part: "That immigration shall be encouraged; emigration shall not be prohibited, and no citizen shall be exiled"
The majority correctly notes a judge cannot make a sentence of banishment a condition of probation. Brown v. State, 660 So.2d 235 (Ala.Cr.App.1995). However, the majority attempts to draw a legitimate distinction between a judge's setting a sentence of banishment as a condition of probation and the Board of Pardons and Paroles setting such a condition to parole. This reasoning is flawed. Is the Board of Pardons and Paroles above the Alabama Constitution and the law? The Alabama Constitution applies equally to all persons, including members of a parole board and judges. "What's sauce for the goose is sauce for the gander." I dissent from the majority's holding that the appellant's banishment as a condition of his parole was lawful.
NOTES
[1] A pardon "is an act of grace proceeding from the power entrusted with the execution of laws, which exempts the individual on whom it is bestowed from the punishment the law inflicts for a crime he has committed.... A pardon is conditional when it is granted upon certain specified conditions.... and is null and void upon the violation by the grantee of any of the specified terms and conditions." 59 Am.Jur.2d, Pardon and Parole §§ 1-2.